CARROLL, DONALD K., Chief Judge.
The members of the Railroad Assessment Board, the defendants below, have appealed from an order entered by the Circuit Court for Leon County denying their motion to dismiss the plaintiff’s complaint.
The essential allegations of the complaint are as follows: that the plaintiff is a railroad corporation authorized to operate as a common carrier by railroad wholly within the State of Florida; that the defendants constitute the Florida Railroad Assessment Board and have the duty of assessing and apportioning railroad property in the State of Florida for purposes of taxation; that the plaintiff had filed an amended return showing an aggregate full cash valuation of its railroad property of $20,609,959, yet *327 the defendants assessed its railroad property for the year 1961 at $50,735,661; that the latter valuation is grossly in excess of the true cash value and is discriminatory in that the plaintiff’s property is assessed at a much higher valuation than other taxable property in the state and in the counties and municipalities of the state in which the plaintiff operates. The plaintiff alleges upon information and belief that the basis for the board’s assessment was one-third of the following: (1) “reproduction cost” less depreciation as determined by the Interstate Commerce Commission; (2) the average market price of the stock and debt of the plaintiff for the previous five years; and (3) the capitalization at six per cent of the average of the net railroad operating income for the previous five years. The complaint further alleges that the said method of computation is unrealistic, arbitrary, discriminatory, and productive of a valuation that bears no reasonable relationship to the full cash value of the plaintiff’s railroad property, for many reasons detailed in the complaint. The plaintiff finally alleges that in comparison to valuations placed on other railroads operating in Florida, the valuation of the Board for the plaintiff is discriminatory. The plaintiff prays that the board’s assessment for 1961 be declared null and void.
The board contends that the three-factor formula employed by it has been approved in Chicago and N. W. Ry. Co. v. Dept. of Revenue, 6 Ill.2d 278, 128 N.E.2d 722 (1955) and Chicago & N. W. Ry. Co. v. State Board of Equalization and Assessments, 170 Neb. 106, 101 N.W.2d 873 (1960), hut those decisions cannot be persuasive in our present consideration, because the Circuit Court had and this court has to rule only on the question of whether the allegations, from the four corners of the complaint, sufficiently state a claim for relief, accepting as true all allegations well pleaded.
In Schleman v. Connecticut General Life Insurance Company, 151 Fla. 96, 9 So.2d 197 (1942), the Supreme Court of Florida held that an allegation of excessive valuation is sufficient to state a claim for relief. In many cases our Supreme Court has held that an allegation of discriminatory valuation of a plaintiff’s property states a cause of action. See Louisville & N. R. Co. v. Amos, 98 Fla. 350, 123 So. 745 (1929). The complaint here alleges that the valuation of the property is “grossly in excess of the full cash value” of such property. In accordance with a long line of Florida decisions, we hold that the complaint before us sufficiently states a claim for relief and hence the Circuit Court properly denied the Board’s motion to dismiss the complaint.
It should be clearly understood that neither the Circuit Court nor this court in sustaining the plaintiff’s complaint is ruling on the merits or passing upon the validity of the formula utilized by the Board in its valuation of the plaintiff’s property.
The order appealed from, therefore, must be and it is
Affirmed.
STURGIS and RAWLS, JJ., concur.