232 So.2d 441 (1970)
GEORGE J. MOTZ CONSTRUCTION CORP., Appellant,
v.
CORAL PINES, INC., Appellee.
No. 69-309.
District Court of Appeal of Florida, Fourth District.
March 13, 1970.
Neil LaHurd, of Parkhurst & LaHurd, Fort Lauderdale, for appellant.
Carl Schuster and Henry H. Schmerer, of Ruden, Barnett, McClosky & Schuster, Fort Lauderdale, for appellee.
CROSS, Chief Judge.
Plaintiff-appellant, George J. Motz Construction Corp., appeals a final judgment entered in favor of the defendant-appellee, Coral Pines, Inc., in an action to foreclose a mechanic's lien against certain real property owned by the defendant. We reverse.
Plaintiff, George J. Motz Construction Corp., entered into a written agreement with the defendant, Coral Pines, Inc., to make certain additions and improvements to the nursing home owned by the defendant. Upon completion of the agreement plaintiff filed a claim of lien against the property. The claim of lien designated the lienor's name as George J. Motz rather than George J. Motz Construction Corp.
*442 To foreclose the mechanic's lien against the property plaintiff filed a complaint against the defendant.
The defendant answered, in essence denying the material allegations of plaintiff's complaint and also filed motion for judgment on the pleadings. On hearing of defendant's motion for judgment on the pleadings the motion was granted and an order entered, which in part set forth the following:
"This cause came on to be heard on Defendant's Motion for Judgment on the Pleadings and the Court having considered the same finds from the Complaint that the Plaintiff did not file a Claim of Lien but that the only Claim of Lien was filed by an individual who was not the contractor within the meaning of Chapter 713, Florida Statutes, The Mechanics' Lien Law * * *"
The plaintiff immediately petitioned for a rehearing. The motion was denied. Hence this appeal.
The sole question for this court's determination is whether the complaint to foreclose the mechanic's lien in the name of George J. Motz Construction Corp. is fatally defective and amenable to judgment on the pleadings on the basis that the claim of lien designated the lienor's name as George J. Motz rather than George J. Motz Construction Corp. Chapter 713, Florida Statutes, F.S.A. known as the Mechanics' Lien Law, requires pursuant to § 713.08 that the lienor must do the following things in order to perfect his lien.[1]
Section (4) (a) of F.S. 713.08, F.S.A., states that any omission in the foregoing details or errors in such a claim of lien shall not, within the discretion of the trial court, prevent the enforcement of such *443 lien as against one who has not been adversely affected by such omission or error.
F.S. Chapter 713, F.S.A., must be so construed and applied as to reasonably and fairly carry out its remedial intent. We believe that all the provisions of the statute should be complied with. However, this does not mean that there must be strict compliance with each technical nicety in statements in the claim of lien in order to render it effectual. F.S. Section 713.08(4) (a), F.S.A., makes it clear that substantial compliance with the requirements as to the contents of the claim of lien is all that is necessary in order to be entitled to enforce such lien as against one who has not been adversely affected by an omission or error in the claim of lien. This is in keeping with the general intent of the mechanics' lien law to protect laborers and materialmen. United States v. Griffin-Moore Lumber Co., Fla. 1953, 62 So.2d 589.
A review of the pleadings in the case at bar reveals the complaint to foreclose the mechanic's lien was brought in the name of the plaintiff, George J. Motz Construction Corp. Attached to that complaint and made a part thereof was the standard form of agreement between owner and contractor. The parties named therein are "Coral Pines, Inc., 1800 East Oakland Park Boulevard, Fort Lauderdale, Florida, the Owner, and George J. Motz Construction Corp., 1025 S.W. 57th Place (P.O. Box 8611), Fort Lauderdale, Florida, the Contractor."
The claim of lien which was attached to the complaint lists as the lienor George J. Motz whose address is Post Office Box 8611 (1025 S.W. 5th Place), Fort Lauderdale, and that in pursuance of a contract with Coral Pines, Inc., 1800 East Oakland Park Boulevard, Fort Lauderdale, Florida, the lienor furnished labor, services or materials consisting of an addition to the Alden House Nursing Home.
The question of whether or not the name George J. Motz was in substantial compliance with F.S. § 713.08, F.S.A., sufficient to assert a cause of action to foreclose mechanic's lien when the plaintiff named in that cause of action is George J. Motz Construction Corp. must be answered in the affirmative. While the names George J. Motz and George J. Motz Construction Corp. are not strictly idem sonans, they are sufficiently similar to apprise the defendant against whom in fact the claimant is asserting the claim of lien. The omission of the words "Construction Corp." in no way appears to adversely affect the defendant upon the record as it exists before us.
Plaintiff's voyage seeking what is assertedly due and owing to it should not founder on the reefs of technicality. As the late Justice Terrell once said, "Equity is not an elusive thing like a flea in a wool sock. It is a thing of great value and reveals itself in many ways. True, it sometimes gets gummed up in a litter of legal procedure and travels a devious course, but when that is brushed aside it is often as evident as a missing front tooth."
Accordingly, the order granting the motion of the defendant, Coral Pines, Inc., for judgment on the pleadings is vacated and set aside and the final judgment entered in favor of the defendant, Coral Pines, Inc., and against the plaintiff, George J. Motz Construction Corp., is reversed and the cause is remanded to the trial court for further proceedings consistent with the views expressed herein.
Reversed and remanded.
McCAIN and OWEN, JJ., concur.
NOTES
[1] F.S. Section 713.08, F.S.A. Claim of lien. 

(1) For the purpose of perfecting his lien under part I of this chapter every lienor, including laborors and persons in privity, shall record a claim of lien which shall state:
(a) The name of the lienor and the address where notices or process under part I of this chapter may be served on the lienor.
(b) The name of the person with whom the lienor contracted or by whom he was employed.
(c) The labor, services or materials furnished and the contract price or value thereof. Materials specially fabricated at a place other than the site of the improvement for incorporation in the improvement but not so incorporated and the contract price or value thereof shall be separately stated in the claim of lien.
(d) A description of the real property sufficient for identification.
(e) The name of the owner.
(f) The time when the first and the last item of labor or service or materials was furnished.
(g) The amount unpaid the lienor for such labor or services or materials.
(h) If the lien is claimed by a person not in privity with the owner, the date and method of service of the notice to owner.
(2) The claim of lien shall be signed and verified on personal oath by the lienor, his agent or attorney acquainted with the facts stated therein.
(3) Such claim of lien shall be sufficient if it is in substantially the following form:
CLAIM OF LIEN
State of _________
County of ________
Before me, the undersigned authority, personally appeared _______, who, being duly sworn, says that he is (the lienor herein) (the agent) (attorney) of the lienor herein _________) whose address is _________, and that in pursuance of a contract with _________, lienor furnished labor, services or materials consisting of _________ on the following described real property in __________ County, Florida: owned by _________ of a total value of $ _______, of which there remains unpaid $ ________ and furnished the first of the same on _______, 19__, and the last of the same on _______, 19__, and (if the lien is claimed by one not in privity with the owner) that the lienor served his notice to owner on _________, 19__, by ___________.
 ________________________
Sworn to and subscribed before me this
________ day of___________, 19__.
_______________________
Notary Public
My commission expires: