247 So.2d 791 (1971)
ART BERMAN CONCRETE, INC., a Florida Corporation, Appellant,
v.
SEY CONSTRUCTION CORP., a Florida Corporation, Milton F. Steinhardt and Fidelity and Deposit Company of Maryland, As Surety, Appellees.
No. 71-327.
District Court of Appeal of Florida, Third District.
May 18, 1971.
William J. Goldworn and Daniel J. Spiegel, Miami, for appellant.
James V. Johnstone, Miami, for appellees.
Before PEARSON, C.J., and CHARLES CARROLL and HENDRY, JJ.
PEARSON, Chief Judge.
The controlling question in this appeal is whether the notice indicated by F.S. § 713.06 (3) (d) 1, F.S.A., of the mechanic's lien law must be given by a sub-contractor who claims under a mechanic's lien. The section reads as follows:
"(3) The owner may make proper payments on the direct contract as to lienors under this section, in the following manner:
(a) * * * * *
(b) * * * * *
(c) * * * * *
(d) When the final payment under a direct contract becomes due the contractor:
1. The contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services or materials furnished under the direct contract while in default by reason of not giving the owner such affidavit. The contractor shall execute said affidavit and deliver it to the owner at least five *792 days before instituting suit as a prerequisite to the institution of any suit to enforce his lien under this chapter."
The question which we must decide arose by the filing of appellant's complaint to foreclose a mechanic's lien. The complaint did not allege that the notice had been given. It is not clear from the complaint whether appellant alleges itself to be a sub-contractor but the complaint is susceptible to that interpretation. The trial court dismissed appellant's complaint with prejudice as to the prayer to enforce a mechanic's lien but with leave to institute an action upon any contract rights it might claim. We hold that it was error for the trial court to dismiss with prejudice the complaint to foreclose the lien.
It will be noted from a reading of the quoted section that by the terms of the section itself, it applies to "contractors" and not sub-contractors; further, that the section refers to "the direct contract" which would further indicate an applicability only to the general contract.
Appellee suggests that the term "contractor" as used within the section should be interpreted as a generic term including subcontractor inasmuch as this would aid in the protection of the owner from unjust claims. This last purpose is urged by the appellee as the purpose of the section. We are convinced first that the entire lien law must be interpreted favorably to the lienor in order to achieve the beneficial purpose of the statute which is the protection of those entitled to receive the fruits of their labor. Crane Co. v. Fine, Fla. 1969, 221 So.2d 145; United States v. Griffin-Moore Lumber Co., Fla. 1953, 62 So.2d 589; Ceco Corporation v. Goldberg, Fla.App. 1969, 219 So.2d 475.
Second, we are convinced that the interpretation urged by appellee is both strained and unreasonable under the language of the section. It is the duty of the court in interpreting a statute to follow the plain language thereof. Tropical Coach Line, Inc. v. Carter, Fla. 1960, 121 So.2d 779; City of Sarasota v. Burch, Fla.App. 1966, 192 So.2d 9; Biddle v. State Beverage Department, Fla.App. 1966, 187 So.2d 65.
The judgment appealed is reversed with directions to enter an order dismissing appellant's complaint as failing to comply with RCP 1.110, but granting to appellant the right to amend its complaint for claim of lien and for further proceedings in accordance with the views herein set out.
Reversed and remanded.