PEARSON, Judge.
The appellant, Approved Dry Wall Construction, Inc., seeks review of a dismissal of its amended complaint seeking the foreclosure of a mechanic’s lien. The appellees are Morgan Properties, Inc., alleged to be the general contractor on the job involved; Saul J. Morgan Enterprises, Inc., alleged to be the owner of the real property involved; and Travelers Indemnity Company of Hartford, Connecticut, alleged to be the surety upon a bond filed pursuant to the provisions of Fla.Stat. § 713.23, F.S.A. Appellant takes alternative positions on this appeal. First, the appellant argues that his complaint was sufficient as a complaint to foreclose a mechanic’s lien under the holding of Boux v. East Hillsborough Apartments, Inc., Fla.App.1969, 218 So.2d 202. See also Yell-For-Pennell, Inc. v. Joab, Inc., Fla.App.1971, 243 So.2d 438. Second, he urges that even if the complaint was insufficient as a complaint to enforce a mechanic’s lien, it was sufficient as an action upon its contract with the general contractor.
We hold that the complaint was not sufficient because it did not contain sufficient allegations to excuse the failure to serve the notice required by Fla.Stat. § 713.06, F.S.A. The case of Boux v. East Hillsborough Apartments, Inc., supra, is not applicable because the owner of the property in the present case is not a corporation wholly owned by the contracting party nor were the managing officers alleged to be so identical that notice to one would serve as notice to the other. We therefore affirm so much of the order of dismissal as dismisses the defendants Saul J. Morgan Enterprises, Inc. (the owner) and Travelers Indemnity Company of Hartford, Connecticut (the surety on the bond).
We hold that the complaint is sufficient to state a cause of action for recovery on the contract which is attached to the complaint and signed by the general contractor Morgan Properties, Inc. In fairness to the trial court it should be pointed out that appellee does not urge here that the complaint is not sufficient for that purpose. It is suggested that because appellant as plaintiff concentrated its argument before the lower court primarily upon the lien feature of the complaint that the trial court may have overlooked the contract aspect of the complaint. We think that in an attempt to expedite the settlement of this dispute, the judgment of dismissal should be reversed insofar as it dismissed the defendant, Morgan Properties, Inc., and that the cause should be remanded for further proceedings in accordance with the views herein expressed. See Emery v. International Glass and Mfg., Inc., Fla.App.1971, 249 So.2d 496.
Affirmed in part, reversed in part and remanded for further proceedings.