270 So.2d 755 (1972)
ADOBE BRICK AND SUPPLY COMPANY, Appellant,
v.
CENTEX-WINSTON CORPORATION and Richard L. Aycock Plastering, Inc., a Florida Corporation, Appellees.
No. 72-267.
District Court of Appeal of Florida, Third District.
December 15, 1972.
Rehearing Denied January 15, 1973.
*756 Turner, Hendrick, Guilford, Goldstein & McDonald and S. Alan Stanley, Coral Gables, for appellant.
Richard P. Kenney, Miami, for appellees.
Before BARKDULL, C.J., and CHARLES CARROLL and HAVERFIELD, JJ.
CARROLL, Judge.
The appellant, Adobe Brick and Supply Company filed an action against the appellees for foreclosure of a mechanics' lien. On trial of the cause before the court, a motion of defendants for judgment at the close of the plaintiff's case was granted. Judgment was entered dismissing the cause with prejudice. The plaintiff appealed.
The complaint alleged that the defendant Richard L. Aycock Plastering, Inc. was a subcontractor on certain construction on real estate owned by defendant Centex-Winston Corporation; that pursuant to an oral contract between the plaintiff and the defendant subcontractor the plaintiff "furnished materials to the job site for a total value of $8,244.01 of which $5,330.75 remains unpaid." Plaintiff further alleged service of a preliminary notice to the owner [required of a materialman not in privity with the owner, by § 713.06 Fla. Stat., F.S.A.]; and the timely filing of a claim of lien [provided for in § 713.08 Fla. Stat., F.S.A.]; with a copy thereof served on the owner. Copies of those documents were attached to the complaint. By answer the defendant owner denied the material allegations.
At the trial, when the claim of lien was offered in evidence, the court excluded it on objection by the defendant, ruling it was not admissible because of an incorrect description of the real property involved. The judgment entered was based on findings set forth therein as follows:
"1. That the Plaintiff has failed to prove its case for a Mechanic's Lien Foreclosure.
"2. That the Claim of Lien filed by the Plaintiff is not admissible in evidence, since it does not contain the correct legal description of the property in question and is different from the property described in the Notice to The Owner, which the Plaintiff, as a materialman to a sub-contractor, had sent to the Defendant, Centex-Winston.
"3. That the Plaintiff at this time does not wish to have a money judgment entered against the Defendant, Richard L. Aycock Plastering, Inc.
"4. That the Plaintiff is not entitled to the entry of a judgment for money damages against Defendant, Centex-Winston."
The determinative question on this appeal is whether it was an abuse of discretion and error to reject the lien because of incorrect description of the property in the claim of lien, in the absence of a showing that the owner was adversely affected by the error, in view of subsection (4)(a) of § 713.08, Fla. Stat., F.S.A., which deals with claims of lien. Subsection (4)(a) reads as follows:
"The omission of any of the foregoing details or errors in such claim of lien shall not, within the discretion of the trial court, prevent the enforcement of such lien as against one who has not been adversely affected by such omission or error."
In considering the intent and effect to be given to the above quoted subsection, it should be noted the subsection applies to omission of or error in any of the following statements required to be included in a claim of lien, namely, (a) name and address of lienor, (b) name of person with *757 whom lienor contracted or by whom employed, (c) the performance claimed, and the contract price or value thereof, (d) a description of the real property "sufficient for identification," (e) the name of the owner, (f) the times, first and last, of the furnishing of labor or materials, (g) the amount unpaid therefor, and (h) when required, the date and method of service of a copy of the claim of lien on the owner.
Regarding the description of the property in the claim of lien, it is obvious that many persons filing such claims of lien are laymen who may be acting without assistance of counsel, and to whom a legal description of the real estate involved may not be available. Therefore, a technical legal description is not necessary, and a description from or by which the property can be identified should suffice.
As shown hereinabove, the trial court found the claim of lien did not "contain the correct legal description of the property," and that the property described in the claim of lien was "different from the property described in the (preliminary) Notice to The Owner."
The preliminary notice to owner had described the property as follows:
 "Winston Towers
 250 N.E. 174 Street, Miami Beach, Florida
 Lot 3, Tatums Subdivision
 State Hotel Permit No. C-0630
 Permit No. 119743"
The evidence showed the correct address was number 250 of 174th Street, Miami Beach. The notice to owner mistakenly gave the address as 250 N.E. 174 Street. However, it is observed that in the subcontract between the general contractor-owner Centex-Winston Corporation and the subcontractor Richard L. Aycock Plastering, Inc. the owner had made the same mistake, by therein describing the property as "Winston Towers-Building 100, located at 250 N.E. 174th Street." Notwithstanding the error in the street address given in the plaintiff's notice to owner, the description otherwise appeared to be sufficient for identification of the property, in that it designated "Winston Towers," and referred to Lot 3 of Tatum Subdivision, of which it appeared that the property was a part, and referred to certain numbered permits which, with no showing to the contrary, presumably related to the construction on the property in question.
Turning now to the claim of lien, the defect was of less extent than would have been a failure or omission to contain any property description. It was an error in the description stated. The property was there described as "17400 Collins Avenue, Miami Beach, Florida. Legal description attached." Attached to the notice of lien was a lengthy meets and bounds description of a portion of Lot 3 of Tatum Subdivision, identical to the legal description in a notice of commencement of improvement on real estate, which had been filed by the owner as provided for by § 713.13 Fla. Stat., F.S.A.
The basis in the record of the finding of the trial court that the legal description in the claim of lien was incorrect was testimony of a vice-president of the owner corporation that no notice of commencement had been filed with reference to Winston Towers 100 (to which the plaintiff delivered materials), and that a notice of commencement (which contained the legal description used by plaintiff in the claim of lien) was filed incident to construction of another building, Winston Towers, Number 200. Additionally, when shown the notice of commencement containing the meets and bounds description in question, and asked, "Which building is that notice of commencement on?" the witness answered, "I think that's the 200. The Towers. Well, let me check. O.K."
Assuming, although it was not clearly so established in the record, that the legal description of the property submitted with the claim of lien was not that of the property involved, the question of *758 whether thereby the owner was adversely affected became a material issue in the case, in view of subsection (4)(a) of § 713.08 of the Mechanics' Lien Law. See O'Brian Associates of Orlando, Inc. v. Tully, Fla.App. 1966, 184 So.2d 202. The intent and purpose of the statute is that omission of or error in a matter required to be stated in a claim of lien shall not operate to "prevent the enforcement of such lien as against one who has not been adversely affected by such omission or error." Yell-For-Pennell, Inc. v. Joab, Inc., Fla.App. 1971, 243 So.2d 438; George J. Motz Construction Corp. v. Coral Pines, Inc., Fla.App. 1970, 232 So.2d 441; Russell v. Farrey's Wholesale Hardware Co., Fla. App. 1964, 163 So.2d 513; Florida New Deal Co. v. Crane Co., 142 Fla. 471, 194 So. 865.
Here at the stage of the case when judgment was entered for the defendant, which was at the close of the presentation of evidence on behalf of the plaintiff, not only was there no showing that the defendant owner had been adversely affected by the error in description of the property in the claim of lien, but there was evidence bearing on that issue which appeared to indicate the contrary. For example, it was shown that the defendant Richard L. Aycock Plastering, Inc. was a subcontractor on Winston Towers 100, but was not a subcontractor on Winston Towers 200, and that the plaintiff materialman had delivered materials to the construction on Winston Towers 100 but had not delivered materials incident to construction on Winston Towers 200. Further, it was shown that the defendant owner had received the lienor's preliminary notice to owner, and had knowledge of the delivery of materials to Winston Towers 100 by plaintiff for the subcontractor, and had made certain payments to the subcontractor by checks made out to the latter and the plaintiff jointly.
It is well established that the Mechanics' Lien Law is to be liberally construed and applied so as to reasonably and fairly carry out its remedial intent. United States v. Griffin-Moore Lumber Co., Fla. 1953, 62 So.2d 589, 590; Crane Co. v. Fine, Fla. 1969, 221 So.2d 145, 152; George J. Motz Construction Corp. v. Coral Pines, Inc., supra; Warren v. Bill Ray Construction Co., Fla.App. 1972, 269 So.2d 25.
In United States v. Griffin-Moore Lumber Co., supra, the Supreme Court said:
"This court has repeatedly held that the labor and materialman's lien law should be liberally construed to protect the laborer and the materialman. Robert L. Weed, Architect, Inc. v. Horning, 159 Fla. 847, 33 So.2d 648. The reason for this holding is that the labor and material results in the unjust enrichment of the land owner if the laborer or the materialman is not given priority in the enforcement of his lien claim. If this were not the case, any other claimant could come in and get the advantage of the value that the labor or materials adds to the land. Another reason for this rule is even more imperative. Furnishing labor and material not only results in unjust enrichment of the lands but it is the very source of the laborer and materialman's bread and butter. * * *"
More recently, in Crane Co. v. Fine, supra, the Court said:
"It is our duty to construe this statute liberally `so as to afford the laborers and materialmen the greatest protection compatible with justice and equity.' Hendry Lumber Co. v. Bryant, (1939) 138 Fla. 485, 189 So. 710. * * *"
Having due regard for that canon of construction, we hold that in the absence of a showing that the owner was "adversely affected by such omission or error" the court committed error in rejecting the lien notice and in granting judgment for the defendant at the close of the plaintiff's case. In so holding we have not overlooked the fact that subparagraph (4)(a) of § 713.08 includes the clause "within the discretion of the trial court," *759 in providing that omission of or error in a statement required to be contained in a claim of lien shall not prevent enforcement of the lien against one who has not been adversely affected by such omission or error. However, in view of the above cited and pronounced requirement for liberal construction of the statute in favor of laborers and materialmen, the discretion thus conferred upon the court under subparagraph (4)(a) should not be exercised to deny enforcement of a materialman's lien against one who has not been adversely affected by such an omission or error. The discretion there granted to the court is to enforce the lien in such circumstance.
Following remand of the cause to the circuit court, the trial thereof before the court should be resumed, and unless it shall appear from a preponderance of the evidence on the indicated issue that the defendant owner was adversely affected by the error in description of the property in the claim of lien, the lien should be upheld and enforced. O'Brian Associates of Orlando, Inc. v. Tully, supra.
The judgment is reversed, and the cause remanded for further proceedings.