294 So.2d 694 (1974)
CENTEX-WINSTON CORPORATION, Appellant,
v.
CROWN PAINT, INC., Appellee.
No. 73-1364.
District Court of Appeal of Florida, Third District.
May 14, 1974.
*695 Williams, Salomon, Kanner & Damian, and Gary S. Brooks, Miami, for appellant.
Sepler & Sussman and Irma V. Hernandez, Hialeah, for appellee.
Before CARROLL, HAVERFIELD and HENDRY, JJ.
HENDRY, Judge.
Appellant, the Centex-Winston Corporation, seeks review of a final judgment of $17,359.62 in favor of the plaintiff-appellee in an action to foreclose a mechanic's lien. We affirm.
Appellant contends that the appellee failed to designate the contractor, Arcus Dry Wall, Inc., to which it was providing paint and other supplies in a notice to owner in accordance with Fla. Stat. § 713.06, F.S.A. Therefore, appellant concludes that the lien is invalid.
The record demonstrates that the notice to owner informed the appellant that the appellee was supplying materials to the Winston Towers condominium project in Miami Beach. Appellant is the owner and developer of the project. On the notice form in the space providing under whose order the materials were being supplied appeared, "Sen Tex-Winston Corp." instead of Arcus, the contractor whom the appellee was supplying as a subcontractor.
Appellant argues that it therefore paid Arcus after being informed that all subcontractors had been paid and that it was unaware that appellee had not been paid.
However, we point out that the mechanic's lien law is remedial in nature and is liberally construed to protect the laborer and the materialman. Crane Co. v. Fine, Fla. 1969, 221 So.2d 145; Art Berman Concrete, Inc. v. Sey Construction Corp., Fla. App. 1971, 247 So.2d 791.
An error or omission in a claim of lien under the mechanic's lien law will not prevent the foreclosure of the lien against one who has not been adversely affected by the error or omission. Fla. Stat. § 713.08(4)(a), F.S.A., George J. Motz Construction Corp. v. Coral Pines, Inc., Fla. App. 1970, 232 So.2d 441; Yell-For-Pennell, Inc. v. Joab, Inc., Fla.App. 1971, 243 So.2d 438; Adobe Brick and Supply Co. v. Centex-Winston Corp., Fla.App. 1972, 270 So.2d 755.
We have reviewed the record and have concluded that the appellant has failed to make a sufficient showing that it was adversely affected by the error on the notice to owner. Therefore, the judgment appealed is affirmed.
Affirmed.