CHARLES CARROLL (Ret.), Associate Judge.
This is an appeal by the plaintiff below from an adverse summary judgment. We find error, and reverse.
Plaintiff filed an action against Inland Construction Company of Florida, Inc., Es-tia, Inc. and Summit Insurance Company of New York. The amended complaint alleged that plaintiff contracted with Inland Construction Company, Inc. to furnish certain concrete joists, for a consideration of $47,500, on a construction project at a stated address; that plaintiff performed, for a total value of $49,162.04; that a timely preliminary notice was served by plaintiff on the owner, Estia, Inc.; that $27,787.04 of the contract price was not paid; and that plaintiff filed a claim of lien on May 2, 1974, and thereafter on June 6, 1974 the lien thus claimed by the plaintiff was transferred to a bond (on which the surety was the defendant Summit Insurance Company of New York), as authorized in such circumstance by § 713.24 Fla.Stat., F.S.A. Plaintiff prayed for enforcement of its lien claim against the bond. Alternatively, by a second count based on a breach of contract, plaintiff sought judgment against In *426 land Construction Company, Inc. for the balance alleged to be due and unpaid under the contract.
On the claim of lien filed and recorded by the plaintiff the last date of furnishing-labor, services or materials was stated to be January 30, 1974. The lien notice was recorded on May 2, 1974, which was 92 days after said date of January 30, 1974, and thus was beyond the 90 day period allowed for the recording of such claim of lien by § 713.08(5) Fla.Stat., F.S.A.
The defendant surety, Summit Insurance Company of New York, filed a motion for summary judgment, supported by a copy of the notice of lien and a certificate of the clerk showing that the notice of lien was recorded on May 2, 1974.
In opposition to that motion the plaintiff filed an affidavit of its president stating that the date of January 30, 1974 on the claim of lien as the last date upon which labor, services or materials were furnished was an error, and that the records of the plaintiff corporation revealed that the correct date thereof was February 6, 1974 (which was less than 90 days prior to the recordation of the claim of lien).
Section 713.08 Fla.Stat., F.S.A. which lists eight matters that are to be stated in a claim of lien (including “The time when the first and the last item of labor or services or materials was furnished”) provides, in subsection 4(a), as follows:
“The omission of any of the foregoing details or errors in such claim of lien shall not, within the discretion of the trial court, prevent the enforcement of such lien as against one who has not been adversely affected by such omission or error.”
Here there was no showing as to whether the obligated defendant or the contractor or the owner had been adversely affected by that error in the claim of lien. Nor was there any evidence or showing on behalf of the moving defendant that the final date was not February 6, 1974 as stated in the plaintiff’s affidavit, rather than the date of January 30, 1974 as stated in the claim of lien.
The surety, as appellee here, contends the affidavit of plaintiff’s president which pointed out the error in the claim of lien was not entitled to be considered because the affidavit did not state that it was made on personal knowledge of the affiant. See Rule 1.510(e) F.R.C.P. We hold that argument of the appellee is without merit. The affidavit amounted to a positive statement of the president of the corporation that the records of the plaintiff corporation showed that the date in question was February 6, 1974. The trial court did not strike the affidavit, nor was the summary judgment grounded on the basis of rejection by the court of such affidavit. Had the court so based the judgment, it would have been error to do so. United Bonding Insurance Co. v. Dura-Stress, Inc., Fla. App.1971, 243 So.2d 244 and Beverage Canners, Inc. v. E. D. Green Corporation, Fla.1974, 291 So.2d 193. Under the holdings in those cases the affidavit of the president of the plaintiff corporation in this case was acceptable, in opposition to the defendant’s motion for summary judgment, as evidence that the claim of lien was in error as to the last date of performance.
In Adobe Brick and Supply Co. v. Centex-Winston Corp., Fla.App.1973, 270 So.2d 755, in which this court dealt with the question of effect of an error in a recorded claim of lien upon the enforcibility of the lien, we there pointed out that in view of subsection (4) (a) of § 713.08 of the Mechanics Lien Law, when an omission or error occurs in a recorded claim of lien a balancing of the interests of the parties favors exercise of that subsection of the statute to permit enforcement of the lien, unless it should appear that by reasons of such omission or error in the claim of lien the owner or obligated party thereby had been adversely affected. There *427 fore, whether the party against whom the enforcement was sought in this instance was thus adversely affected was a material issue that was not resolved, or attempted to be resolved on the motion for summary judgment. See Centex-Winston Corp. v. Crown Paint, Inc., Fla.App.1974, 294 So.2d 694; O’Brian Associates of Orlando, Inc. v. Tully, Fla.App. 1966, 184 So.2d 202. Also there was an issue as to whether the date of last performance by plaintiff was January 30, 1974, as stated in the claim of lien or was February 6, 1974, as stated in plaintiff’s affidavit.
The summary judgment is reversed, and the cause is remanded for further proceed* ings.