342 So.2d 1078 (1977)
MID-STATE CONTRACTORS, INC., Appellant,
v.
HALO DEVELOPMENT CORPORATION, Appellee.
No. 76-368.
District Court of Appeal of Florida, Second District.
March 2, 1977.
*1079 Bruce A. Campbell, of Barrs, Melendi, Williamson & Levens, Tampa, for appellant.
A.G. Spicola, Jr., Tampa, for appellee.
HOBSON, Judge.
In this case appellant/plaintiff, Mid-State, challenges the decision below dismissing its first amended complaint with prejudice for failure to state a cause of action. The trial court held that no mechanics' lien foreclosure action could be maintained as Mid-State failed to include in its claim of lien a specific amount remaining unpaid as required by Section 713.08(1)(g), Florida Statutes (1975).
It is undisputed that Mid-State was a subcontractor on a project operated by defendant Halo. It is also uncontroverted that labor and materials were furnished by Mid-State for work on that project. Following cessation of work on the project, the origin of which is not in dispute here, Mid-State filed its claim of lien and filed suit to foreclose its mechanics' lien. The claim of lien followed the form set out in Section 713.08(3), but stated the amount remaining unpaid as "between 30,000.00 and/or 56,500.00."
Thereafter Halo filed a motion to dismiss in that the complaint failed to allege a specific amount due and the claim of lien failed to meet statutory requirements by failing to set forth the amount remaining unpaid. The motion was granted and Mid-State in its first amended complaint stated that $39,200.00 remained unpaid. Halo again filed a motion to dismiss, asserting successfully that no foreclosure action was maintainable due to the defect in the claim of lien.
Our inquiry focuses on the question of whether the claim of lien in the case sub judice was sufficient to afford the defendant herein the requisite notice to frame a response to the imposition of this mechanics' lien and resulting foreclosure action. In answering this question in the affirmative we are influenced by the language contained in the pertinent parts of the statute. First, Section 713.08(1)(g) provides in part,
"... [A] claim of lien ... shall state:
* * * * * *
(g) The amount unpaid the lienor for such labor or services or materials."
Following that directory language Section 713.08(3) sets forth a form which contains all the required elements of subsection (1). The language utilized to introduce this form in subsection (3) is, "Such claim of lien shall be sufficient if it is in substantially the following form ..." (emphasis supplied).
Even more persuasive is the language found in subsection 4(a) of Section 713.08, which states:
"The omission of any of the foregoing details or errors in such claim of lien shall not, within the discretion of the trial *1080 court, prevent the enforcement of such lien as against one who has not been adversely affected by such omission or error."
The conclusion to be drawn from these quoted portions of Section 713.08 is that technical fulfillment of these statutory components in a claim of lien, although desirable, is neither required nor can it form the basis of a denial of enforcement of an otherwise valid lien where the lienor substantially complies with the prescribed requisites. Cf. Adobe Brick and Supply Co. v. Centex-Winston Corp., 270 So.2d 755 (Fla. 3d DCA 1972); Yell-For-Pennell, Inc. v. Joab, Inc., 243 So.2d 438 (Fla. 3d DCA 1971); George J. Motz Construction Corp. v. Coral Pines, Inc., 232 So.2d 441 (Fla. 4th DCA 1970). As a caveat to this proposition, such liens, despite defects in form, are valid unless in the discretion of the trial judge some prejudice is shown to the owner or other parties affected. Adobe Brick and Supply Co., supra; Florida New Deal Co. v. Crane Co., 142 Fla. 471, 194 So. 865 (1940).
In this case we believe that the claim of lien was sufficient to apprise the appellee Halo of the approximate amount owed by it to Mid-State. Although the claim of lien was not complete in itself, Mid-State did, by its amended complaint, specifically identify the amount owed to it by Halo. We believe that this result best fulfills the standards for interpretation under the Mechanics' Lien Law. As succinctly stated in Centex-Winston Corporation v. Crown Paint, Inc., 294 So.2d 694, 695 (Fla. 3d DCA 1974).
"... [T]he mechanic's lien law is remedial in nature and is liberally construed to protect the laborer and the materialman. Crane Co. v. Fine, Fla. 1969, 221 So.2d 145; Art Berman Concrete, Inc. v. Sey Construction Corp., Fla.App. 1971, 247 So.2d 791."
Upholding this claim of lien also comports with the general rule regarding the sufficiency of statements as to the amount owed under mechanics' lien statutes. As noted in 57 C.J.S. Mechanics' Liens § 153 (1948):
"... [T]he notice, claim, or statement must set forth the amount due claimant, the amount claimed to be due, the amount unpaid to the lienor, the amount of the demand, or must fairly apprise the owner and the public of the nature, ... and amount of the demand asserted as a lien ... [I]t is sufficient if from the whole statement, including all the papers filed, the amount due clearly appears, although the language used is not as apt or accurate as might be desirable." (emphasis supplied)
See also: 53 Am.Jur.2d, Mechanics' Liens, §§ 221, 227 (1970).
Such a result does not sanction, as asserted by the defendant Halo, any and all errors, no matter how gross, in a claim of lien. In fact, such omissions or errors may, according to Section 713.08(4)(a) be fatal to the maintenance of a mechanics' lien action if the party against whom such lien is asserted can show it has been adversely affected by such omission. Florida New Deal Co., supra; O'Brian Associates of Orlando, Inc. v. Tully, 184 So.2d 202 (Fla. 4th DCA 1966). In speaking to the discretion vested in the trial court when reviewing an error or omission in the claim of lien under subsection (4)(a), our sister court from the Third District has stated in Adobe Brick and Supply Co., supra,
"... [T]he discretion ... conferred upon the court under subparagraph (4)(a) should not be exercised to deny enforcement to a materialman's lien against one who has not been adversely affected by such omission or error. The discretion there granted to the court is to enforce the lien in such circumstance."
270 So.2d 755, 759.
Here the order from which this appeal is taken reflects no specific finding as to whether Halo was adversely affected by Mid-State's failure to specify the amount owed in its claim of lien. Therefore, while we hold that the error herein was not in itself sufficient to bar enforcement of his mechanics' lien, we remand to the trial court for a determination of whether the error adversely affected the appellee Halo *1081 and whether such prejudice, if any, should bar enforcement of this lien. We note that any showing of an adverse effect must appear from a preponderance of the evidence. Adobe Brick and Supply Co., supra.
Accordingly, the judgment is reversed and remanded for further proceedings consistent with the views expressed herein.
REVERSED and REMANDED.
BOARDMAN, C.J., and SCHEB, J., concur.