347 So.2d 830 (1977)
Julio VIYELLA, Sylvia Viyella, His Wife, and Julio A. Viyella, Inc., Appellants,
v.
Willie JACKSON d/b/a Jackson Terrazzo, Appellee.
No. 77-384.
District Court of Appeal of Florida, Third District.
July 6, 1977.
*831 Melvin D. Bratton, Coral Gables, for appellants.
Chopin & Chopin, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and BARKDULL, JJ.
HENDRY, Chief Judge.
Appellants, defendants below, bring this interlocutory appeal from an order denying their motion to dismiss the complaint of appellee, plaintiff below.
Appellee, a laborer who installs terrazzo floors, filed a three count complaint against appellants. Count I of the complaint sought foreclosure of a mechanic's lien; count II sought damages for work done and materials furnished; and count III sought damages based upon the dishonoring of two checks payable to appellee from appellant, Julio A. Viyella, Inc.
Appellants moved to dismiss the complaint alleging, as to count I, a failure to comply with Chapter 713 (Part I, Mechanics' Lien Law), Florida Statutes (1975); and as to counts II and III, inter alia, a failure to state a cause of action. By order, the motion to dismiss was denied and appellants brought this interlocutory appeal. By order of this court, we granted appellee's motion to dismiss the appeal as it pertains to counts II and III as not being the proper subject for interlocutory appeals pursuant to Fla.App. Rule 4.2(a). As applies to count I, foreclosure of a mechanic's lien, this appeal follows.
*832 Appellants' basic contentions are twofold. First, appellants contend that the trial judge erred in refusing to dismiss count I of appellee's complaint in that appellee violated the forty-five day period of serving a "notice to the owner" pursuant to Section 713.06(2)(a), Florida Statutes (1975). In addition, appellants contend that appellee failed to serve an affidavit on the owners, pursuant to Section 713.06(3)(d)(1), Florida Statutes (1975).
Appellants' first contention is quickly disposed of in that the failure to serve the notice of intention to claim a lien within forty-five days of a lienor's commencing to furnish his services or materials is not an absolute bar to a claim of lien. Torres v. MacIntyre, 334 So.2d 59 (Fla.3d DCA 1976). Rather, the forty-five day rule was intended to establish a priority category for lienors who give notice to the owner within said period. Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969).
As for appellants' second contention, concerning the filing of an affidavit five days before instituting suit to enforce a lien, we note that said requirement applies only to contractors, and not sub-contractors. Art Berman Concrete, Inc. v. Sey Construction Corp., 247 So.2d 791 (Fla.3d DCA 1971). Reading paragraphs three and four of appellee's complaint, it would appear that there were sufficient allegations contained therein to reasonably conclude that appellee was a sub-contractor. Paragraph three of count I alleged that appellants, Julio and Sylvia Viyella entered into a construction contract with Julio A. Viyella, Inc. Paragraph four alleged that Julio A. Viyella, Inc., then contracted with appellee to install terrazzo floors on the property to be constructed by Viyella, Inc., and owned by appellants, Julio and Sylvia Viyella.
Therefore, taking the well pled allegations as true, we hold that appellee's complaint stated a valid claim for relief and affirm the order of the trial court denying appellants' motion to dismiss the complaint. Green v. Florida East Coast Railway Company, 141 So.2d 326 (Fla.1st DCA 1962).
Any other points raised by appellants are without merit.
Affirmed.