PER CURIAM.
We affirm the final judgment entered below discharging the appellant’s defective claim of lien against the appellee. Although the Mechanic’s Lien Law[1] should be liberally construed to protect the laborer and the materialman,[2] this should not excuse a claimant from failing to comply with the provisions of the law.
A claimant alleging a claim of lien under Section 713.06, Florida Statutes (1977) must serve a notice of lien upon the owner, or his complaint must contain sufficient allegations to excuse the failure to serve notice. Bishop v. James A. Knowles, Inc., 292 So.2d 415 (Fla. 2d DCA 1974); Approved Dry Wall Construction Co. v. Morgan Properties, Inc., 263 So.2d 243 (Fla. 3d DCA 1972). A complaint alleging a claim of lien under Section 713.05, Florida Statutes (1977), while not requiring notice by the claimant, must contain an allegation that the claimant was in privity with the owner at the time of the claim. Although appellant’s amended complaint did not specify under which provision of the statute it intended to proceed with its claim of lien, we find that its claim is deficient whether filed under Section 713.05 or Section 713.06.
After conducting a non-jury trial on the propriety of appellant’s lien, the trial court entered a final judgment discharging the lien. There was competent substantial evidence in the record to support that determination.
Affirmed.

. Ch. 713, Part I, Fla.Stat. (1977).

. Crane Co. v. Fine, 221 So.2d 145 (Fla.1969); Mid-State Contractors, Inc. v. Halo Development Corp., 342 So.2d 1078 (Fla. 2d DCA 1977); Centex-Winston Corporation v. Crown Paint, Inc., 294 So.2d 694 (Fla. 3d DCA 1974).