408 So.2d 683 (1982)
Lewis BLINN d/b/a Guild Construction Company (Not Incorporated), Appellant,
v.
Thomas R. DUMAS and Jane T. Dumas, His Wife, Appellees.
No. YY-415.
District Court of Appeal of Florida, First District.
January 6, 1982.
Rehearing Denied February 5, 1982.
*684 William Nussbaum of Goldman, Presser & Nussbaum, Jacksonville, for appellant.
Joseph M. Glickstein, Jr., Jacksonville, for appellees.
PER CURIAM.
This is an appeal from an order dismissing with prejudice Count I of a complaint which sought to foreclose a claim of lien on the ground that the total omission of the details of labor, services, or material furnished in the claim of lien was, per se prejudicial. We reverse.
Section 713.08(4)(a), Florida Statutes (1980), specifically provides that the omission of details or errors in a claim of lien, in the discretion of the trial court, shall not prevent the enforcement of a lien unless there is an adverse effect from such omission or error. While it is within the discretion of the trial court upon review of supporting evidence or the circumstances to find such adverse effect, here, there is nothing in the record to show any adverse effect from the omission of the details, and the stated ground that "such total omission is, per se, prejudicial and imposes an adverse effect" is not supported.
On appeal, appellees Dumas argue that there was adverse effect and that the order should be affirmed on this alternative ground. It is true that an order may be affirmed on alternative grounds. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1980) and Jones v. Weaver, 374 So.2d 1175 (Fla. 1st DCA 1979). However, we are not permitted to sit as a trial court in making such a factual determination on an issue not presented below or supported in the record, particularly where, as here, there appears to be little likelihood that the omission caused any adverse effect on the homeowners Dumas. We note, for example, that the amended complaint indicates that the parties are in direct privity, that there was a written contract, orally expanded, for the improvement of the Dumas' property, that the payment in issue is a final payment representing less than 1/6 of the alleged total payments and, thus, the Dumas are presumably aware of the nature and scope of the labor, services, or materials allegedly furnished, and, finally, that appellant contractor alleges delivery of the affidavit required by Section 713.06(3)(d), Florida Statutes (1980), which affidavit serves to protect the Dumas from any unknown lien claims from sub-contractors or materialmen. This opinion does not foreclose the possibility that the Dumas might show at an appropriate hearing that the omission has caused an adverse effect. However, absent such showing, it appears that appellant contractor has substantially complied with the statutory pre-requisites for claiming a mechanics lien, has stated a cause of action, and should be given an opportunity to prove his claim on the merits.
REVERSED and REMANDED for proceedings consistent with this opinion.
*685 SHAW and JOANOS, JJ., concur.
ROBERT P. SMITH, Jr., C.J., dissents without written opinion.