495 So.2d 932 (1986)
ROYAL AMBASSADOR CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
EAST COAST SUPPLY CORP., a Florida Corporation, Appellee.
No. 84-1202.
District Court of Appeal of Florida, Fourth District.
September 10, 1986.
Rehearing Denied October 27, 1986.
*933 Daniel S. Rosenbaum, Fort Lauderdale, for appellant.
Robert S. Levy of Law Office of Robert S. Levy, West Palm Beach, for appellee.

ON PETITION FOR REHEARING
DOWNEY, Judge.
The parties hereto contend that our opinion issued July 10, 1985, was erroneous in certain respects. Accordingly, we vacate said opinion and issue the following opinion in its place.
Appellant, Royal Ambassador Condominium Association, Inc., (Royal), seeks reversal of a final summary judgment in favor of appellee, East Coast Supply Corp. (East Coast), in a lien foreclosure arising out of materials furnished by East Coast for roofing repairs to Royal's condominium building.
Royal, a condominium association representing over 200 condominium units, entered into a contract with True Merit, a contractor, for the repair and replacement of the roof of the condominium building. East Coast supplied materials that were incorporated into the roof. When East Coast commenced furnishing the materials, it mailed a notice to owner, which was timely received on July 2, 1982. Nevertheless, Royal made several subsequent payments to True Merit. When payment was not forthcoming from True Merit, East Coast timely filed a claim of lien against Royal, describing the property subject to the lien as:
ROYAL AMBASSADOR CONDOMINIUM
3700 Galt Ocean Drive Ft. Lauderdale, Florida Lot 11 Block 34 GALT OCEAN MILE
Addition # 1
According to the Plat thereof
Recorded in Plat Book 45 page 9 of the Public Records of Broward County, Florida
Owned by ROYAL AMBASSADOR CONDOMINIUM ASSOCIATION
c/o Mr. John C. McDonough-President, 3700 Galt Ocean Mile, Ft. Lauderdale, Fla. 33308.
In due course, East Coast filed an amended complaint in four counts to foreclose its lien. Counts I and III sought foreclosure of a mechanic's lien, while Counts II and IV sought foreclosure of an equitable lien. From a final summary judgment finding that East Coast was entitled to a judgment against Royal individually and as the representative of a class, being the unit owners, Royal perfected this appeal. The judgment described the property subject to the lien as:
ROYAL AMBASSADOR CONDOMINIUM
3700 Galt Ocean Drive Fort Lauderdale, Florida Lot 11, Block 34, GALT OCEAN MILE
Addition # 1 according to the Plat thereof recorded in Plat Book 45, page 9 of the Public Records of Broward County, Florida, and all of the condominium parcels, except for Units 1705 and 1007, that have been created thereon in the proportions for which the owners thereof are liable for common expenses.
On appeal Royal contends the trial court erred (1) in granting summary judgment for East Coast and denying Royal's motion *934 for summary judgment, (2) in awarding prejudgment interest, and (3) in failing to reduce the judgment by the amount that two condominium unit owners paid as their proportionate share of this obligation.
The primary question in this appeal is whether the judgment finding that East Coast was entitled to a mechanic's lien is valid. Royal argues strenuously that section 718.121(1), Florida Statutes (1981), renders East Coast's lien unenforceable because the lien, as filed, purports to establish a mechanic's lien upon the condominium as a whole, contrary to the statute, which says "no liens of any nature are valid against the condominium property as a whole except with the unanimous consent of the owners." East Coast, on the other hand, contends that, where the work giving rise to the lien is done on the common elements pursuant to a contract with the condominium association, the association's authorization is tantamount to the unanimous consent of all of the condominium unit owners. In support of this contention, East Coast relies on subsection (2) of section 718.121, which states that, if improvements are authorized by the association, the work is deemed furnished by the express consent of each unit owner. Thus, East Coast maintains that its lien on the property as a whole is authorized.
Liens on condominiums are controlled by section 718.121, Florida Statutes. Paraphrasing, subsection (1) provides that, after the declaration of condominium is recorded, no liens are valid against condominium property as a whole unless the unit owners unanimously consented thereto. Subsection (2) prohibits liens for work on individual units unless the unit owner expressly consented to or requested the work. However, it further provides that work performed on the common elements cannot give rise to a lien, but if authorized by the condominium association a lien may be claimed against all of the condominium parcels in the proportion for which each unit is liable for common expenses. The condominium association authorization is deemed to furnish the express consent of each unit owner. Finally, subsection (3) enables the individual unit owners to remove or discharge a lien covering more than one unit by exercising any of the rights provided an owner by Chapter 713, Florida Statutes, or by paying his proportionate share of the claim.
Thus, it is apparent that one claiming a lien for repairing common elements, such as the roof of a condominium building, should claim a lien not upon the whole condominium property but, rather, upon all of the individual units contained in the condominium building in the proportion for which each unit is liable for common expenses. Ideally, as we said in Southern Colonial Mortgage Company, Inc. v. Medeiros, 347 So.2d 736 (Fla. 4th DCA 1977), describing each unit and its respective percentage share of common expenses in the claim of lien would neatly comply with section 718.121(2). It would, for example, readily enable the clerk of the circuit court to transfer liens from units to security pursuant to section 713.24. However, mechanics' liens are frequently not prepared by lawyers trained in title work, but by laymen working in the industry upon whom the niceties of property descriptions are lost. We, therefore, hold that a claim of lien for work on common elements pursuant to a contract with the condominium association will suffice if it simply claims a lien on all of the units in the building according to their respective percentage shares of the common expenses of the condominium.
The lien filed by East Coast claimed a lien upon the entire property and the complaint sought foreclosure of a lien thereon. However, the final judgment adjudicated a lien on the entire property "and all of the condominium parcels, except for units 1705 and 1007, that have been created thereon in the proportion for which the owners thereof are liable for common expenses." While the adjudication against the entire property is overbroad and contrary to statute, unless a unit owner can demonstrate he was prejudiced by the overly broad description of the property liened, *935 the lien should be effective against the respective units according to their proportionate shares of the common expenses. We believe that is the spirit of the lien law as expressly provided in section 713.08(4)(a), Florida Statutes (1981). While the contents of a claim of lien are specified by statute, section 713.08, Florida Statutes (1981), the legislature provided that omissions or errors therein shall not, within the discretion of the court, prevent enforcement of the lien against one unless he is adversely affected by the error or omission. § 713.08(4)(a), Fla. Stat. (1981); e.g., Blinn v. Dumas, 408 So.2d 683 (Fla. 1st DCA 1982); Mid-State Contractors, Inc. v. Halo Development, 342 So.2d 1078 (Fla. 2d DCA 1977); Adobe Brick Supply Co. v. Centex-Winston Corp., 270 So.2d 755 (Fla. 3d DCA 1972).
Whether any of the unit owners in Royal's condominium have been adversely affected by the claim of lien as filed by East Coast is a question of fact that we do not believe should be decided on summary judgment. Royal contends that the record demonstrates prejudice by virtue of two affidavits filed with its motion for summary judgment. However, we believe that question should be more fully explored in the trial court by pleading and proof so that the trial court can pass upon the efficacy thereof.
If, upon remand, the court finds the claim of lien good against any or all of said units, the final judgment should be entered against said units for their respective liabilities and eliminate the lien as against the condominium property as a whole. The amended judgment, if in favor of East Coast, should also include prejudgment interest of twelve percent, rather than eighteen percent. § 687.01, Fla. Stat. (Supp. 1982). As to the arguments concerning the amount of the judgment as it relates to the proportionate shares of units 1705 and 1007, we find that, upon remand, following further proceedings, any judgment entered shall take into consideration the escrow agreement entered into between the owners of those units as sellers and their buyers, so that the remaining units will not be liable for the proportionate shares attributable to those two units.
AFFIRMED IN PART; REVERSED IN PART, and remanded with directions.
HERSEY, C.J., and WALDEN, J., concur.