529 So.2d 781 (1988)
FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant,
v.
DELTA PAINTING CORP., City National Bank of Miami, and Heaton Development Corp., Appellees.
HEATON DEVELOPMENT CORPORATION, Appellant,
v.
DELTA PAINTING CORP., City National Bank of Miami, As Trustee, et al., Appellees.
Nos. 87-1637, 87-1655.
District Court of Appeal of Florida, Fourth District.
July 27, 1988.
James O. Murphy, Jr. of Byrd and Murphy, Fort Lauderdale, for appellant Fidelity and Deposit Co. of Maryland.
John W. Bowen of Melvin, Bowen and Melvin, P.A., Fort Lauderdale, for Heaton Development Corp.
Larry R. Leiby of Leiby and Elder, Miami, for appellee Delta Painting Corp.
PER CURIAM.
This is a mechanic's lien action brought by Delta Painting Corp. (Delta) in 1983 against City National Bank of Miami *782 (Bank), as owner of the real property and Fidelity & Deposit Company of Maryland (Fidelity), the surety holding bond on the lien. Final Judgment was entered April 16, 1987 finding that Delta had complied with the mechanics' lien law and recognizing and enforcing Delta's lien. The Bank and Fidelity bring this appeal alleging error in the trial court's finding that Delta complied with the mechanics' lien law. The issue to be resolved here is whether the trial court's finding that Delta complied with sections 713.06(2)(a) and 713.06(3)(d), Florida Statutes (1983), of the mechanics' lien statute were clearly erroneous or totally without support in the evidence. Symons Corp. v. Tartan-Lavers Delray Beach, 456 So.2d 1254 (Fla. 4th DCA 1984).
The pertinent facts underlying this litigation are that a group of investors engaged in a joint venture to develop a hotel complex on a parcel of real estate on the ocean front in Broward County. In arranging for development, the joint venture entered a land trust agreement with City National Bank of Miami to hold title to the property, as trustee. The joint venture also contracted with Heaton Development Corporation [HDC], a corporation owned by George Heaton, one of the investors, to act as the developer of the hotel and to orchestrate its construction through to completion. In doing so, HDC entered into several contracts to complete the construction and interior finishing of the hotel, one of which was with Delta to supply wall finishes to guest rooms and other areas of the hotel. When construction began, City National posted a Notice of Commencement which provided that such notices as were required to be served on the owner, per the mechanics' lien law, could be mailed to either City National Bank of Miami, in Miami, or to George Heaton, at the office address of Heaton Development Corporation in Fort Lauderdale. Shortly after contracting with HDC, Delta mailed a notice to owner, as required by section 713.06(2)(a), Florida Statutes (1983), to the HDC office in Fort Lauderdale. Delta subsequently completed its work under the contract and submitted a final bill to HDC for a $43,000, noting on the invoice that all persons providing services and/or materials to Delta had been paid. HDC refused to pay the balance due, and thereafter, Delta proceeded to establish its lien on the property to recover the amount of the final invoice. The two sections of the mechanic's lien law the appellant challenges, as insufficiently met by Delta, are sections 713.06(2)(b) and 713.06(3)(d), Florida Statutes (1983).
Acknowledging the well established rule that the lien statute must be strictly complied with, Sheffield-Briggs Steel Products, Inc. v. Ace Concrete Service Co., 63 So.2d 924 (Fla. 1953), we note the remedial nature of this law which is aimed at protecting laborers and materialmen and also that the rule of strict compliance is tempered by equity. George J. Motz Construction Corp. v. Coral Pines, Inc., 232 So.2d 441 (Fla. 4th DCA 1970); Centex-Winston Corp. v. Crown Paint, Inc., 294 So.2d 694 (Fla. 3d DCA 1974); Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969); Art Berman Concrete, Inc. v. Sey Construction Corp., 247 So.2d 791 (Fla. 3d DCA 1971); Mid-State Contractors, Inc. v. Halo Development Corporation, 342 So.2d 1078 (Fla. 2d DCA 1977).
We note that the appellant did not contest that Delta was due the amount outstanding on its contract, rather the appellant argues that since Delta did not include the name "George Heaton" on the notice to owner and did not list the words "Trustee for # 5006261" on the final affidavit, Delta is not entitled to over $43,000 worth of work that the appellant admits Delta performed, and would otherwise be entitled to.
Section 713.06(2)(a), Florida Statutes (1983), requires that a notice to owner be served on the owner by certified mail and that it identify the real property and the services or materials furnished or to be furnished by the person supplying the notice. The notice of commencement filed by City National Bank of Miami, As Trustee, in March of 1982, designated George W. Heaton at the address: Suite 502, 2929 East Commercial Boulevard, Fort Lauderdale, FL 33308, as the person upon whom notice or other documents under the Florida mechanics' lien law could be served and *783 that service on him would constitute service on the owner. Substantial compliance with the notice to owner provision is sufficient to maintain a valid lien. Although Delta's Notice to Owner did not name George Heaton as the addressee, it was forwarded to HDC at the Commercial Boulevard address nine days after Delta's proposal was accepted and an agreement was entered between Delta and HDC. Delta's notice stated: "You appear to have an ownership interest in the aforedescribed property which is being improved. Should any information contained herein be incorrect to your knowledge, it would be appreciated if you would notify the undersigned." HDC did not reject this notice or otherwise advise Delta that the notice should go elsewhere. According to the testimony of George Heaton, even if his name had appeared as addressee on the notice to owner, he would not likely have received it. Delta had forwarded this notice by certified mail to the address listed on the notice of commencement, in accord with the recommended method of service provided by the statute and Delta produced a certified mail receipt signed by one of Mr. Heaton's office staff. The statute does not require a more personal service. This shows substantial compliance with the notice to owner requirement and the absence of George Heaton's name was inconsequential to the establishment of the lien. Symons Corp. v. Tartan-Lavers Delray Beach, 456 So.2d 1254 (Fla. 4th DCA 1984); George J. Motz Construction Crop. v. Coral Pines, Inc., 232 So.2d 441 (Fla. 4th DCA 1970); Blinn v. Dumas, 408 So.2d 683 (Fla. 1st DCA 1982); S & S Air Conditioning Co. v. Cantor, 343 So.2d 923 (Fla. 3d DCA 1977).
Section 713.06(3)(d), Florida Statutes (1983), requires service of a final affidavit on an owner by a contractor, which indicates that all lienors under direct contract with the contractor have been paid in full or otherwise indicates those who have not been paid and the amount due or to become due for labor, services or materials furnished. Art Berman Concrete, Inc. v. Sey Construction Corp., 247 So.2d 791 (Fla. 3d DCA 1971); Viyella v. Jackson, 347 So.2d 830 (Fla. 3d DCA 1977); Sowers v. Hoenstine, 417 So.2d 1137 (Fla. 5th DCA 1982).
Although the statute does not supply a mandatory form for the final contractor's affidavit the intent of the statute is to protect the owner, by providing assurance that on final payment there will not be subsequent claims from those under contract with the one supplying the final affidavit. Oper v. Russell, Inc., 197 So.2d 13 (Fla. 3d DCA), cert. denied, 201 So.2d 552 (Fla. 1967); Hardee v. Richardson, 47 So.2d 520 (Fla. 1950).
Delta submitted a final affidavit to City National Bank of Miami but omitted the words "Trustee for Trust No. 5006261." The appellant does not assert that any prejudice resulted from that omission and we reject appellant's argument that City National Bank of Miami is not an owner of any legal or equitable interest in the real property and a "different entity," City National Bank as Trustee under Trust No. 5006261 held legal title to the property. The appellant has not presented, nor did we locate, any authority which would permit the Bank to establish itself as a separate legal entity, for purposes of service under the mechanics lien law, by simply agreeing to act as trustee of real property under a private contract; a bank does not have power to establish itself as a legal entity for purposes of doing trust business which is separate from its legal designation as a bank which is authorized to engage in trust business. See Banks and Banking, chap. 658 & 660, Fla. Stat. (1987). The affidavit was forwarded to and received at the Bank's address as listed on the notice of commencement and since that was the same address where the Bank administered the trust account, that was the appropriate place for the final affidavit to be served. See 56 Fla.Jur.2d Trusts § 37: "Unless otherwise designated in the trust agreement, the principal place of administration of a trust is deemed to be the trustee's usual place of business where the records pertaining to the trust are kept... ."
City National Bank of Miami received the final affidavit served by Delta and, regardless of the omission of the trust information *784 the affidavit was sufficient to advise City National that Delta was due payment for work and materials provided to the hotel complex, and that all other contractors under Delta, if in fact there were any, were paid.
As no error has been made to appear in the lower court's findings, and the evidence supports those findings, we affirm the final judgment.
AFFIRMED.
HERSEY, C.J., and DELL and WALDEN, JJ., concur.