PER CURIAM.
 

 Ebano-Soberon, Inc. (ES) seeks certio-rari review of a trial court order that granted a motion for partial summary judgment, effectively vacating a lien for failure to furnish a final payment affidavit, as required by section 713.06(3)(d), Fla. Stat. We find the order to be reviewable by certiorari.
 
 See, e.g., A & M Painting v. Jennings,
 
 598 So.2d 335 (Fla. 4th DCA 1992).
 

 Our review of this matter reveals that there remain material issues of fact as to whether ES was a laborer, material supplier, contractor or subcontractor, such that whether ES is obligated to furnish a final payment affidavit is not certain at this stage of the case. Included among the issues is whether ES was a subcontractor and, thus, not required to furnish a final payment affidavit.
 
 See Art Berman Concrete, Inc. v. Sey Constr. Corp.,
 
 247 So.2d 791 (Fla. 3d DCA 1971). For these reasons, the partial summary judgment should not have been entered.
 
 See Architectural Complements, Inc. v. R.G. Brown Props., Inc.,
 
 686 So.2d 678 (Fla. 2d DCA 1996).
 

 We grant the petition, quash the trial court’s order granting partial summary judgment, and remand to the trial court for further proceedings consistent with this opinion.
 

 TAYLOR, DAMOORGIAN and GERBER, JJ., concur.