*321 SCHWARTZ, Senior Judge
(dissenting).
In my judgment
(a) no notice to contractor was even required in the circumstances under section 713.23(l)(c), because the lienor and the contractor, in every real sense, shared a “common identity” and were therefore in “privity” with each other. See Aetna Cas. And Sur. Co. v. Buck, 594 So.2d 280 (Fla.1992);
(b) assuming otherwise, both the “first” September 12, 2005 preliminary notice and
(c) the March 28, 2006, “second” notice, although it was not necessary, satisfied any such requirement.
With respect, I believe the Court’s analysis to the contrary embodies a super technical approach to the statutory scheme and gives binding effect to the utterly immaterial variances from the ordinary which had no effect upon the substantial rights of the parties. The law of Florida does not permit such a result. See Sam Rodgers Props., Inc. v. Chmura, 61 So.3d 432, 438 (Fla. 2D DCA 2011) (“ ‘[T]he omission of any of the [statutorily required details] or errors in such claim of lien shall not, within the discretion of the trial court, prevent the enforcement of such hen as against one who has not been adversely affected by such omission or error.’ § 713.08(4)(a).”); see also Stunkel v. Gazebo Landscaping Design, 660 So.2d 623 (Fla.1995); WMS Const., Inc. v. Palm Springs Mile Assocs., Ltd., 762 So.2d 973 (Fla. 3d DCA 2000); Florida Wood Services, Inc. v. Osprey Joint Venture, 720 So.2d 591 (Fla. 5th DCA 1998); Centex-Winston Corporation v. Crown Paint, Inc., 294 So.2d 694 (Fla. 3d DCA 1974).