SMITH, Judge.
Robert W. Jahn and Marjorie E. Jahn, his wife, gave two separate notes and mortgages to C. P. Mager encumbering two adjacent parcels of property. Subsequently, they conveyed the property to Ocean Enterprises, Inc., who assumed the mortgages and then Mager filed his complaint to foreclose the two mortgages naming, among others as defendants, the appellants Deer-field Beach Bank and City of Deerfield Beach. The complaint contained a separate count as to each mortgage, but insofar as the appellants are concerned, the material parts of the complaint as to these two defendants are identical in each count. These allegations are as follows:
“On February 22, 1960, the defendant, OCEAN ENTERPRISES, INC., executed and delivered a quitclaim deed to the defendant, CITY OF DEERFIELD BEACH, for a portion of subject mortgaged property, which quitclaim deed was recorded in Official Records 1872, page 416, Broward County, Florida, and did not secure any partial release from plaintiff, C. P. MAGER, of his mortgage and the CITY OF DEERFIELD BEACH, purportedly constructed a seawall on a portion or all of said area which was the subject matter of the said quitclaim deed.
“The cost of said seawall construction was purportedly specially assessed against the property which is the subject matter of the subject mortgage *121 and a purported assessment lien was issued and assigned to the defendant, DEERFIELD BEACH BANK, and from the information of this plaintiff, said Bank is still the holder of said assessment lien.
“This Plaintiff was never notified of the proceedings incident to said special assessment or the levying of said special assessment and did not, in any way, consent to said special assessment.
“The above purported interests, claims and liens of defendants, the CITY OF DEERFIELD BEACH and DEERFIELD BEACH BANK, are subject to, subordinate and inferior to plaintiff’s mortgage.”
These two defendants each filed its motion to dismiss the complaint, and the plaintiff Mager moved for summary final decree. Neither of the defendants filed any further pleadings, nor did they submit any depositions, admissions, or affidavits and upon this record the Chancellor entered a -summary final decree adjudicating the plaintiff’s mortgage liens to be prior and superior to the liens of the defendants. On August 14, 1961, the defendant, Deer-field Beach Bank, filed its notice of appeal to this court to review that summary final decree, naming therein all of the parties and calling upon them to take notice of the appeal. A copy of the notice was furnished to all of the other parties and this notice of appeal was filed in this court and is our Case No. 2736. On August 21, 1961, the defendant, City of Deerfield Beach, filed its notice of appeal to review the same summary final decree, naming therein all of the parties who were called upon to take notice of that appeal. A copy of that notice was furnished to all of the parties and that notice was filed in this court and is our Case No. 2756.
Florida Appellate Rule 3.11, subd. a, 31 F.S.A. provides that, “Any party who shall feel aggrieved by a final decision, order, judgment or decree may take an appeal and all parties to the cause who are not named as parties appellant shall automatically become parties appellee.”
Florida Appellate Rule 3.11, subd. b, provides that, “If any party who is an ap-pellee desires to join as an appellant in the appeal he shall file his joinder in appeal, within the time allowed by these rules for filing notice of appeal.” Thus, when the Bank filed its notice of appeal, the City and all other parties to that cause became appellees in that appeal. The City of Deerfield Beach should either have re.mained as an appellee, or it should have filed its joinder in appeal in which event it would have become one of the appellants and would have had the right to file such additional assignments of error and additional directions to the clerk of the lower court as it might have deemed necessary. The Rules do not provide for, and neither do they permit, the filing of a separate notice of appeal by a party who has become an appellee in a prior notice of appeal. This failure to follow the Rules results in not only the expenditure of much additional time by this court, but it also involves the other parties in an apparent appeal in two cases instead of one. None of the parties to this cause have pointed out this situation to this Court.
In this instance, we treat the notice of appeal of the City of Deerfield Beach, our Case No. 2756, as its joinder in appeal in our Case No. 2736, and we treat its assignments of error and directions to the clerk as additional assignments of error and additional directions to the clerk as if they were filed in our Case No. 2736, all in order that our Case No. 2756 is merged into and becomes a part of our Case No. 2736. Having so reconciled the procedural deficiencies, we proceed to consideration of the merits.
In support of his motion for summary final decree, the plaintiff submitted his affidavit which proved the notes and mortgages, the defaults, the amounts due, *122 the employment of his attorneys, expenditures of certain costs, and then the affidavit further recites:
“That the mortgages described * * * are first and superior liens to any and all claims, encumbrances or interest of any of the defendants in this cause.
* * * * * *
“Affiant further says that he has read a copy of the bill of complaint filed in this cause and that the allegations therein are true.”
Florida Rules of Civil Procedure 1.36(e), 30 F.S.A. provides for the form and substance of supporting and opposing affidavits on motion for summary judgment or decree and requires that such affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The affidavit in this cause does not meet the requirements of that Rule, in that the statements are conclusions and not statements of fact and do not state such facts as would be admissible in evidence. Humphrys v. Jarrell, Fla.App.1958, 104 So.2d 404. In addition, the Charter of the City of Deer-field Beach, Chapter 59-1214, Sp.Laws of Florida, 1959, Section 245, provides that notice of the levying of an assessment shall be published in a newspaper of general circulation in the City, and the complaint to which reference is made by the affidavit merely alleges:
“This plaintiff was never notified of the proceedings incident to said special assessment * *
The Charter further provides that such special assessments shall constitute a lien superior to all other liens, except for those for City or County taxes.
The decree is reversed as to the appellants.
ALLEN, Acting C. J., and WHITE, J., concur.