184 So.2d 202 (1966)
O'BRIAN ASSOCIATES OF ORLANDO, INC., Appellant,
v.
James C. Tully and Donald G. Symon, Appellees.
No. 489.
District Court of Appeal of Florida. Fourth District.
March 16, 1966.
*203 William S. Turnbull, of Bishop, Bornstein, Turnbull & Petree, Orlando, for appellant.
Howard S. Reiss, of Waterhouse & Reiss, Orlando, for appellees.
PER CURIAM.
This is an interlocutory appeal by the plaintiff, O'Brian Associates of Orlando, Inc., from an order declining to enter summary judgment against the defendants, James C. Tully and Donald G. Symon. Defendants filed cross assignments of error directed to the failure of the court to grant their motion for summary judgment.
The defendants, as owners, contracted with Southeastern General Corporation as general contractor for the construction of a shopping center. The general contractor subcontracted the installation of air conditioning to Hill-Johnson Company. Hill-Johnson purchased certain items of material and equipment incorporated in the work *204 from the plaintiff, O'Brian, for which O'Brian was not paid. On June 29, 1964, O'Brian served its notice on the owners as a prerequisite to perfecting a lien in accordance with the provisions of F.S.A. § 84.061(2) (a). On September 11, 1964, O'Brian filed a claim of lien stating therein that the first of the materials was furnished on April 27, 1964, and that the lienor served notice on the owners on June 29, 1964. Thus, it appeared from the face of the claim of lien that more than forty-five days intervened between the furnishing of the first materials and the serving of the notice on the owners. The owners moved to dismiss the complaint on the ground that the claim of lien affirmatively showed on its face that the lienor had failed to comply with the statutes. O'Brian moved for leave to amend its claim of lien and the court allowed O'Brian leave to file amended claim of lien changing the date of furnishing the first materials from April 27th to May 18, 1964. The amended claim of lien was filed on May 24, 1965. The complaint was also amended and the owners renewed their motion to dismiss which was denied. The owners answered setting forth general denial and alleging that the original claim of lien was invalid on its face and unenforceable, that the owners had acted in reliance upon the original claim of lien and that they had made final payment to the general contractor in reliance on the invalidity apparent on the face of the original lien. Thereafter, all parties moved for summary final decree.
F.S.A. § 84.061(2) (a) requires that a materialman not in privity with the owners, such as O'Brian in the case at bar, as a prerequisite to perfecting a lien, must serve a notice on the owner. This notice must be served before commencing or not later than forty-five days from commencing to furnish the materials. The amended complaint alleges error in the original claim of lien and that the true date of first furnishing materials was May 18, 1964. We must first determine whether the claim of lien could be amended after the expiration of the period for recording a claim of lien.
F.S.A. § 84.081(4) (b) provides that any claim of lien may be amended at any time during the period allowed for recording such claim of lien provided that such amendment shall not cause any person to suffer any detriment by having acted in good faith in reliance upon such claim of lien as originally recorded. The amended claim of lien was filed long after ninety days from the final furnishing of the materials by O'Brian so the amendment could not be permitted under the provisions of that portion of the statute. There is no express prohibition against such an amended claim of lien but under the well-known principle of statutory construction that the mention of one thing in a statute implies the exclusion of the other, we interpret that section of the statute to prohibit an amendment to a claim of lien after the expiration of the period allowed for recording a claim of lien.
Having determined that the claim of lien may not be amended, the question remaining is whether the lien may be enforced under the theory that the date set forth in the claim of lien on which the first materials were supplied was, in fact, erroneous and that the materials were, in fact, supplied within forty-five days. F.S.A. § 84.081(4) (a) provides that the omission of any of the details or errors in a claim of lien shall not, within the discretion of the trial court, prevent the enforcement of such lien as against one who has not been adversely affected by such omission or error. We feel that neither party has shown an absence of a material issue of fact on the issue of whether or not the owners have not been adversely affected by the alleged error in the claim of lien. The statements contained in the proof submitted in support of summary judgment by each party on this issue are conclusions and not facts admissible as evidence and they are, therefore, insufficient to serve as a basis for summary decree. Deerfield Beach Bank v. Mager, Fla.App. 1962, 140 So.2d 120. After full evidentiary hearing, the trial court will be in a position to exercise its discretion in *205 determining whether or not the error in the claim of lien should prevent the enforcement of the lien. To permit enforcement the court must determine that the owners have not been adversely affected by the error.
O'Brian further assigns as error the failure of the trial court to determine the facts which were not controverted and what facts were actually in good faith controverted. Rule 1.36, Fla.R.Civ.P., 30 F.S.A. provides that if on motion under that rule a decree is not rendered upon the whole case or the taking of testimony and a final hearing is necessary, the court at the hearing on the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall, if practicable, ascertain what material facts exist without substantial controversy and what material facts are actually in good faith controverted. In the author's comments concerning this rule, 30 F.S.A. 739, the statement appears that the court is obligated to make such an order; that the rule is mandatory and upon the trial the order is used to indicate the facts which are established so that no proof is necessary; that the object is to shorten the trial and the order has somewhat the same effect as an order under Rule 1.16 for formulation of issues. While we agree with the author's comments, we note more specifically that the rule is subject to the qualification, "if practicable ascertain what material facts exist without substantial controversy". Although clearly some of the material facts are not in controversy here, nevertheless, we do not find error because of the failure of the order to make such an ascertaining because the record does not demonstrate that it was practicable in this case. Neither motion for summary decree specifically sought an order of the court to ascertain what material facts existed without substantial controversy. No record of the hearing on the motions is before us. Under these circumstances we cannot say that it was practicable to ascertain what material facts existed without substantial controversy. The practicality depends to a large degree on full, frank and fair statements of counsel on the material issues. If counsel make such a disclosure, the intent and purpose of the rule can be carried into effect and its object attained. Such procedure does not constitute a partial summary judgment which may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. It contemplates only an order entered upon denial of summary judgment. It is a sifting of the issues and a determination of the material facts that are really in issue. See Fontainebleau Hotel Corp. v. Young, Fla. App. 1964, 162 So.2d 303. While approving the principle that the court should, if practicable, ascertain what material facts exist without substantial controversy at the hearing on the motion for summary judgment when so requested by either party, we conclude that the record here is not sufficient to demonstrate either that the court was requested to or that it was practicable to ascertain what material facts exist without substantial controversy.
Affirmed.
SMITH, C.J., and ANDREWS and WALDEN, JJ., concur.