313 So.2d 409 (1975)
Saul SILBER, Appellant,
v.
CAMPUS SWEATER & SPORTSWEAR, Appellee.
No. V-347.
District Court of Appeal of Florida, First District.
June 3, 1975.
Lynn M. LoPucki of Schwartz, Schwartz & LoPucki, Gainesville, for appellant.
William D. Reynolds, Gainesville, for appellee.
McCORD, Judge.
This is an appeal from a summary judgment for appellee (plaintiff below) entered and filed on December 19, 1973, and from an order entered on March 6, 1974, which denied appellant's motions for rehearing, for summary judgment on appellant's counterclaim and for stay of writ of execution and granted appellee's motion to dismiss appellant's counterclaim.
Appellee, an Ohio corporation, filed suit against appellant on an open account for goods sold and delivered to appellant. Appellant answered denying that the amount claimed was due and owing and included a counterclaim which alleged that appellee shipped certain goods to appellant which appellant had not ordered; that upon receipt of the goods, appellant promptly demanded that appellee accept return of them which was refused; that appellant stored the goods and a portion of them were stolen and the remainder were sold by appellant at greatly reduced prices; that appellant *410 incurred expenses in preserving and disposing of the goods.
Appellee's motion for summary judgment was based upon the pleadings, the admissions, appellant's failure to answer interrogatories and an affidavit filed by appellee. A counter affidavit was filed by appellant the day after the hearing but it was not considered by the trial court and we do not consider it here. After entry of the summary judgment, appellant moved for a stay of execution on the ground that appellee corporation, an Ohio corporation, had not obtained a permit to do business in the State of Florida, as is required by Section 613.01, Florida Statutes, and, therefore, under Section 613.04, Florida Statutes, was not entitled to process from the courts of this state.
Appellant contends that the trial court erred in granting appellee's motion for summary judgment. We agree. The pleadings raise an issue of fact on the question of whether or not the amount claimed was due and owing by appellant to appellee. The admissions referred to do nothing to dispell the foregoing issue. Also, failure of appellant to answer interrogatories forms no basis for entry of the summary judgment. It is only the answers to interrogatories that may be considered on motion for summary judgment (Rule 1.510, Florida Rules of Civil Procedure). Rule 1.380(a)(2) and (4), Florida Rules of Civil Procedure, sets out appellee's remedy for failure of appellant to answer interrogatories and appellee has not followed that procedure.
The affidavit filed by appellee in support of the motion for summary judgment is insufficient to establish a lack of material issue of fact. It does not identify the account and merely states conclusions rather than the factual basis therefor and thus does not comply with Rule 1.510(e), F.R.C.P., which states that:
"... Affidavits ... shall set forth such facts as would be admissible in evidence ..."
See Deerfield Beach Bank v. Mager, Fla. App. (2d), 140 So.2d 120. In addition, the affidavit is not specific as to who allegedly owes the account. It states that the claim is a valid claim against Saul Silber and/or Sound City, Inc., and/or Discount Jeans. It states no facts upon which it can be determined whether or not one or more or all of these parties are indebted to appellee. In further violation of said Rule 1.510(e), the affidavit does not show that it was made on personal knowledge. In addition, appellant's counterclaim raises issues relative to the appellant's contention that the goods shipped were not ordered and the affidavit does not deal with the issues raised by this pleading. Rule 1.110(d), F.R.C.P., provides in pertinent part:
"... When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, on terms if justice so requires, shall treat the pleading as it there had been a proper designation ..."
When this counterclaim is looked upon as a defense, it is apparent that the issue of fact raised by it is not met by appellee's affidavit.
As to the court's aforesaid order of March 6, 1974, from which appeal is taken, we find that the court erred in granting appellee's motion to dismiss appellant's counterclaim.
Appellant's contention that the court erred in denying appellant's motion to stay execution is rendered moot by our reversal of the summary judgment. By this we do not infer, however, that appellee can maintain the action if its lack of registration to do business in Florida is properly raised in the trial court. The affidavit and depositions presented by appellant on its motion for stay of execution tend to show the appellee is doing business in Florida without having complied with Section 613.01, Florida Statutes. On the other hand, appellee contends it comes within the exemption of Section 613.06, Florida Statutes, but has not called attention to any evidence supporting *411 such contention. The question of the right to maintain the action has not been fully presented here and we make no ruling upon it at this time.
The summary judgment for appellee and the order dismissing appellant's counterclaim are reversed and the cause is remanded for further proceedings consistent herewith.
BOYER, Acting C.J., and MILLS, J., concur.