517 So.2d 776 (1988)
JOHNSON & BAILEY ARCHITECTS, P.C., Appellant,
v.
SOUTHEAST BRAKE CORPORATION, Appellee.
No. 87-744.
District Court of Appeal of Florida, Second District.
January 6, 1988.
*777 Judith W. Simmons and W. Gray Dunlap, Jr., of Foley & Lardner, Tampa, for appellant.
Ellen J. Neil and Toni L. Kemmerle, of Holland & Knight, Tampa, for appellee.
THREADGILL, Judge.
Johnson & Bailey Architects, P.C. (Johnson & Bailey), appeal a final order dismissing with prejudice its complaint against Southeast Brake Corporation (Southeast) and an award of attorney's fees against the firm and counsel. We reverse.
Johnson & Bailey sued to foreclose a mechanic's lien originally filed on August 8, 1985 for services rendered to Windsor Woods, Ltd., Southeast's predecessor in interest on two development properties in Pasco County. Although the lien as then recorded identified the contract out of which the claim arose, it did not include a description of the property as required under § 713.08(1)(d), Fla. Stat. (1985). The lien was re-recorded on August 26 to include a legal description of the properties for which services were rendered. Finding the August 26 recordation beyond the ninety-day filing period allowed after the last furnishing of services or materials, the court ruled the lien invalid and dismissed the suit with prejudice. The court also awarded attorney's fees to Southeast under section 57.105, Florida Statutes (1986).
We find that it was error to dismiss the complaint with prejudice. Florida law is clear that a trial court should afford a reasonable opportunity to amend a pleading unless doing so would result in prejudice to the other party. Town of Coreytown v. State, 60 So.2d 482 (Fla. 1952); Adams v. Knabb Turpentine Co., Inc., 435 So.2d 944 (Fla. 1st DCA 1983); Lasar Manufacturing Co., Inc. v. Bachanov, 436 So.2d 236 (Fla.3d DCA 1983); Reid v. Reid, 396 So.2d 818 (Fla. 4th DCA 1981). See also Rule 1.190, Fla.R.Civ.P. This was argued on rehearing and the court apparently agreed that the dismissal should have been entered with leave to amend, but nevertheless failed to vacate the original order.
We also find error in the failure to enforce the August 8th claim of lien. Although that claim failed to attach a legal description of the property, section 713.08(4)(a) Florida Statutes, clearly states that "the omission of the foregoing details or errors [i.e., legal description] in such claim of lien shall not, within the discretion of the trial court, prevent the enforcement of such lien as against one who has not been adversely affected by such omission or error."
Although Johnson & Bailey argued on rehearing that there had been no showing of adverse effect, the trial court required no evidentiary hearing on this issue. We find this was an abuse of the court's discretion. While technical fulfillment of statutory components in a claim of lien are desirable, the lack of such a component cannot form the basis of a denial of enforcement of the lien where the lienor has otherwise substantially complied with the requisites. Mid-State Contractors, Inc. v. Halo Development Corp., 342 So.2d 1078 (Fla.2d DCA 1977).
*778 Southeast contends that the failure to include a description of the property when the lien was originally recorded was failure to substantially comply with the lien law. We cannot accept this argument in light of the clear language of 713.08(4)(a) that an omission will not defeat the lien without a showing of prejudice. See also Adobe Brick and Supply Co. v. Centex-Winston Corp., 270 So.2d 755 (Fla.3d DCA 1972). We note also that as the lien did reference the contract from which it arose, it is unlikely that Southeast was unable to identify the subject property. See J.R. Fenton, Inc. v. Gallery 600, Inc., 488 So.2d 587 (Fla.2d DCA 1986).
It was also error to award Southeast attorney's fees under § 57.105. Such an award is appropriate only where the losing party has failed to raise any justiciable issue of either law or fact. Muckenfuss v. Deltona Corporation, 508 So.2d 340 (1987). We find no absence of such issues in the case at bar.
Accordingly, we reverse the dismissal of the complaint with prejudice and the award of attorney's fees, and remand to the trial court with instructions that Johnson & Bailey be given leave to amend its complaint.
Reversed and remanded.
LEHAN, A.C.J., and FRANK, J., concur.