FRANK, RICHARD H., Associate Judge.
On September 9, 1985, McCown, a construction subcontractor, filed a claim of lien for an amount due him on a Boynton Beach house being built by Pierce Construction Co. (Pierce). McCown’s last work in connection with the Boynton Beach property occurred on June 12, 1985. He recorded an amended claim of lien on November 7, 1985, more than ninety days following his cessation of work on the house. The amended claim of lien provided a complete property description and altered the owner’s name from David E. and Margaret H. Pierce to Eugene Pierce and Pierce Construction, Inc. McCown filed a lien foreclosure action on April 8, 1986, attaching the original claim of lien to his complaint. Pierce responded with a motion to dismiss but it was never ruled upon by the trial court. Thereafter, an amended complaint was filed on August 12, 1986, based upon McCown’s amended claim of lien. Pierce filed an answer to the amended complaint asserting affirmative defenses, a counterclaim for breach of an oral contract and defective work.
A pretrial stipulation was executed confining the triable issues to: (a) Incomplete and defective work; (b) Amount of Plaintiff’s claim; (c) Amount of Defendant’s claim; (d) Entitlement and amount of attorney’s fees. At the conclusion of all the evidence Pierce moved for a directed verdict contending that the amended claim of lien was untimely, i.e., it was recorded more than ninety days from the moment when McCown left the job. Counsel for McCown claimed surprise because that issue was not one preserved in the pretrial stipulation. As correct as McCown’s position appears to have been, the trial court nonetheless agreed with Pierce concluding that the amended claim of lien was untimely; it granted Pierce’s motion for directed verdict and entered a final judgment on Pierce’s counterclaim awarding it $3,641.00 plus interest. McCown’s motions for rehearing and new trial were denied. Pierce was also awarded attorney's fees and costs in the amount of $8,917.73. We reverse.
The trial court based its decision solely on the untimely recording of the amended claim of lien, relying upon O’Brian Associates of Orlando, Inc. v. Tully, 184 So.2d 202 (Fla. 4th DCA 1966). This court in Tully held that the predecessor provision to section 713.08(5), Florida Statutes (1987), prohibits an amendment to a claim of lien upon the expiration of the ninety-day re *941 cording period. Id. at 204. Tully, however, consistent with another aspect of the statutory scheme, acknowledges that when seeking to enforce an untimely amended lien, the lienor may resort to a timely recorded lien, albeit one with errors, if there is no prejudice to the other party. Id.
This principle was most recently acknowledged by this court in Royal Ambassador Condominium Association v. East Coast Supply Corp., 495 So.2d 932, 935 (Fla. 4th DCA 1986):
While the contents of a claim of lien are specified by statute, section 713.08, Florida Statutes (1981), the legislature provided that omissions or errors therein shall not, within the discretion of the court, prevent enforcement of the lien against one unless he is adversely affected by the error or omission. § 713.08(4)(a), Fla.Stat. (1981).
The same result was reached by the second district in Johnson & Bailey Architects, P.C. v. Southeast Brake Corp., 517 So.2d 776 (Fla. 2d DCA 1988). In Johnson & Bailey a claim of lien which did not include the property description was recorded by the lienor. An amended claim of lien with a property description was subsequently but untimely recorded. The trial court held the amended claim of lien invalid and dismissed the suit with prejudice. The second district, referring to section 713.-08(4)(a), reversed, finding it error for the trial court to fail to enforce the original claim of lien even though it contained an omission where there was no showing of prejudice. Id. at 777.
Here, the trial court, over Pierce’s counsel’s objection, admitted the original claim of lien into evidence. Consistent with that event, the trial court should have permitted McCown to rely on the original claim of lien which was timely recorded. The record reveals nothing to indicate that Pierce would have been exposed to any prejudice had the trial court followed that course. Indeed, the original complaint alleged Pierce Construction, Inc. as the owner; the original claim of lien described the owners as David E. and Margaret H. Pierce. The amended complaint alleged that Pierce Construction was the owner; the amended claim of lien named Eugene Pierce and Pierce Construction, Inc. as the owners. It is unlikely that Pierce was unable to identify the subject property; it defended the action from the start. See Johnson & Bailey, 517 So.2d at 778.
Finally, McCown challenges the award of attorney’s fees. Given our resolution of the first issue, we vacate the award of fees. Further proceedings will determine the prevailing party entitled to fees and costs in accordance with section 713.29, Florida Statutes (1987).
Based upon the foregoing, this matter is reversed and remanded for further proceedings not inconsistent with this opinion.
DELL and STONE, JJ., concur.