GLICKSTEIN, Chief Judge,
concurring specially.
I agree with the majority’s analysis and conclusion and write only to remind the parties of two principles followed by this court.
First, in Pompano Paint Co. v. Pompano Beach Bank & Trust Co., 208 So.2d 152, 153 (Fla. 4th DCA1968), the court said:
Where a plaintiffs affidavits do not contradict affirmative defenses raised by the opponent of the motion for summary judgment, the plaintiff is not entitled to a summary judgment even though his supporting affidavits may have made out a sufficient case based on the pleadings alone.
Second, in O'Brian Associates of Orlando, Inc. v. Tully, 184 So.2d 202 (Fla. 4th DCA1966), the court rejected affidavits which contained only conclusions, not facts admissible into evidence. See also Hurricane Boats, Inc. v. Certified Indus. Fabricators, Inc., 246 So.2d 174, 175 (Fla. 3d DCA1971).
In my view the plaintiffs affidavit was facially insufficient. The plaintiff failed to meet the above burden, which could have been done by factually fleshing out the following:
2. That attached hereto is a true and correct copy of a Stipulation Agreement entered into between RELLER CONSTRUCTION, INC., WARREN FEDER-GREEN, and MARK PHILLIPS.
3. FEDERGREEN and PHILLIPS as General Partners of WESTPORT PLACE ONE did not comply with the terms of Paragraph 3.
The following affidavit tendered by the defendants was equally insufficient:
2. That in his representative capacity he entered into a Stipulation and Agreement with the Plaintiff which Stipulation and Agreement provided for the reinstatement of the mortgage and the dismissal of the above-styled action.
3. That pursuant to the said Stipulation and Agreement he has made substantial payments to the Plaintiff.
4.That on or about June 28, 1991 he tendered further payment to the Plaintiff pursuant to the Stipulation and Agreement. The Plaintiff refused to accept the same.
Based upon the foregoing bare boned conclusions, there is no way for me to determine if the defendants did or did not comply with the parties’ stipulation.