705 So.2d 680 (1998)
Diane KARN and Donovan Michael, Appellants,
v.
COLDWELL BANKER RESIDENTIAL REAL ESTATE, INC. and Thomas A. Pauletti, Jr., Appellees.
No. 96-4150.
District Court of Appeal of Florida, Fourth District.
January 28, 1998.
Donald S. Rose, Miami, for appellants.
Joseph I. Davis, Jr., and Jeffrey T. Kucera of Markowitz, Davis, Ringel & Trusty, P.A., Miami, for appellee Coldwell Banker Residential Real Estate, Inc.
POLEN, Judge.
Diane Karn and Donovan Michael appeal from a final summary judgment entered in favor of Coldwell Banker Residential Real Estate, Inc (Coldwell Banker). We reject Karn and Michael's contention Judge Andrews acted outside his authority as a successor judge in granting Coldwell Banker's motion for final summary judgment. A successor judge properly assigned to a case may vacate or vary interlocutory orders made earlier by another judge. Whitlock v. Drazinic, 622 So.2d 142 (Fla. 5th DCA 1993). We also reject Karn and Michael's argument their counts for "negligent breach of contract" and breach of fiduciary duty were not barred by the economic loss rule. "[W]ithout some conduct resulting in personal injury or property damage, there can be no independent tort flowing from a contractual breach which would justify a tort claim solely for economic losses." AFM Corp. v. Southern Bell Tel. & Tel. Co., 515 So.2d 180, 181-182 (Fla.1987).
We reverse the final summary judgment, however, because the trial court abused its discretion in failing to grant Karn and Michael leave to amend their complaint, a request they sought by way of motion for rehearing before final summary judgment was entered. See Johnson & Bailey Architects P.C. v. Southeast Brake Corp., 517 So.2d 776 (Fla. 2d DCA 1988). "As a general *681 rule, refusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile." Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Coop. Bank, 592 So.2d 302, 305 (Fla. 1st DCA 1991). Karn and Michael were granted leave to amend only once, and then solely for the purpose of enumerating claims and paragraphs. Under these circumstances they should have been granted leave to amend their complaint.
REVERSED and REMANDED.
GLICKSTEIN and GUNTHER, JJ., concur.