917 So.2d 274 (2005)
WORM WORLD, INC. d/b/a Luck "E" Strike, etc., et al. Appellants,
v.
IRONWOOD PRODUCTIONS, INC., etc., et al., Appellee.
No. 1D05-0391.
District Court of Appeal of Florida, First District.
December 19, 2005.
Tracy S. Carlin, Esq. of Mills & Carlin, P.A., Jacksonville, for Appellants.
James A. Bledsoe, Jr., Esq., Jacksonville, for Appellee.
PER CURIAM.
Appellants, Worm World, Inc. ("Worm World") and Luck "E" Strike Corporation, seek review of the trial court's Final Judgment holding them jointly and severally liable for damages resulting from a breach *275 of contract. Appellants raise four issues on appeal, only one of which merits discussion. Appellants contend that the trial court erred in entering judgment against appellant Worm World because the sponsorship agreement was between appellee, Ironwood Productions, Inc., and appellant Luck "E" Strike Corporation. We agree and, therefore, reverse the Final Judgment as to appellant Worm World and remand.
Between 1997 and 2000, appellee, a company that was engaged in the production and distribution of a twenty-six week television series entitled "One More Cast with Shaw Grigsby," entered into sponsorship agreements with Luck "E" Strike USA ("LES USA"), agreeing to advertise LES USA's products during the series. Prior to filing suit against appellants for breach of contract and quantum meruit, appellee was unaware that LES USA was a fictitious name registered in Missouri. Upon filing suit, appellee learned that appellant Worm World was the registered owner of the fictitious name. Appellant Worm World moved to dismiss the action against it on the basis that it had sold all or substantially all of its assets to appellant Luck "E" Strike Corporation in July 1994, including the right to use the fictitious name LES USA, and had not conducted any business in the fishing industry since then.[1] The trial court subsequently determined that appellants breached the sponsorship agreement at issue and were jointly and severally liable for damages in the amount of $87,151.98. This appeal followed.
A fictitious name has no independent legal existence. Osmo Tec SACV Co. v. Crane Envtl., Inc., 884 So.2d 324, 327 (Fla. 2d DCA 2004). Rather, it is a "fiction involving the name of the real party in interest, and nothing more." Riverwalk Apartments, L.P. v. RTM Gen. Contractors, Inc., 779 So.2d 537, 539 (Fla. 2d DCA 2000). In both Florida, where the action was filed, and in Missouri, where the fictitious name is registered, it is unlawful for a person or entity to engage in or transact business under a fictitious name without first registering it. See §§ 865.09(3), 865.09(9)(c), Fla. Stat. (2001); Mo. Ann. Stat. § 417.230 (2001). However, the failure to comply with the registration requirements does not impair the validity of any contract entered into by the party conducting business under an unregistered fictitious name. See § 865.09(9)(b), Fla. Stat. (2001); Phillips v. Hoke Constr., Inc., 834 S.W.2d 785, 788 (Mo.Ct.App.1992).
Here, although appellant Worm World was the registered owner of the fictitious name LES USA during the period in question, the evidence establishes that appellant Luck "E" Strike Corporation was conducting business using the fictitious name when it entered into the agreement at issue. Although appellant Luck "E" Strike Corporation may be held criminally liable for conducting business under a fictitious name not registered to it, any contracts entered into under the name, including the one at hand, are valid and enforceable. Thus, because appellant Luck "E" Strike Corporation was the party who actually entered into the sponsorship agreements with appellee, it alone is liable to appellee for its breach of the agreement at issue.
Accordingly, we REVERSE the Final Judgment as to appellant Worm World and REMAND for further proceedings.
WEBSTER, PADOVANO and LEWIS, JJ., concur.
NOTES
[1] Appellant Luck "E" Strike Corporation did not register the fictitious name LES USA until 2003 when appellant Worm World cancelled its registration of the name.