BLACK, Judge.
Premier Finishes, Inc., and Peter Torres seek certiorari review of a circuit court order that discharged their claim of lien and lis pendens. The basis for the discharge was a name discrepancy. The order also dismissed their lien foreclosure claim without prejudice. The circuit court departed from the essential requirements of the law by discharging the claim of lien without determining if any adverse effect resulted from the discrepancy between the named lienor on the claim of lien and the named contractor on the contract. We therefore grant the petition for writ of certiorari, quashing the order to the extent that it discharged the claim of lien and lis pendens.
I. Background
In April 2011, Premier Finishes, under the fictitious name PFI Construction, and Peter Torres, owner and president, entered into a contract with the Soulos Family Trust (Owner) to build a house. In August 2012, Premier Finishes and Peter Torres (collectively Petitioners) filed a five-count complaint against Chris Maggi-rias, trustee of the Soulos Family Trust. The complaint alleged that Premier Finishes had substantially completed its performance pursuant to the contract when *240 Mr. Maggirias “wrongfully terminated” Premier Finishes and failed to pay the outstanding balance due. The Petitioners also recorded a notice of lis pendens. As a result of the actions and inactions of Mr. Maggirias as alleged, Premier Finishes recorded a claim of lien on the property in April 2012, which was attached to the complaint. In count I of the complaint, the only count directly pertinent to our review, the Petitioners sought to foreclose the lien.
In response, Mr. Maggirias filed a motion to dismiss the complaint and discharge the claim of lien and lis pendens. Mr. Maggirias asserted that count I should be dismissed because the complaint and the recorded instruments were filed by Premier Finishes whereas the contract was entered into by PFI Construction. Thus, Mr. Maggirias contends that Premier Finishes is not a party to the contract, is not the “contractor,” and, consequently, is not the proper “lienor” under Florida’s Construction Lien Law.[1] See § 713.01(8), (18), Fla. Stat. (2010).
A hearing on the motion to dismiss was held on February 18, 2013. It was undisputed that PFI Construction is a fictitious nonentity. Mr. Maggirias reiterated the arguments asserted in the motion to dismiss. He summarized by arguing that since there is no contractor, there can be no contract and that without a valid, enforceable contract, the lien is not enforceable. In response, the Petitioners contended that PFI Construction was not and is not an existing entity but rather that PFI Construction is simply a name used by Premier Finishes, basically an acronym. Further, the Petitioners asserted that though Premier Finishes entered into the contract under the name PFI Construction, Premier Finishes actually completed all of the work pursuant to the contract. Finally, the Petitioners argued that Mr. Maggirias failed to show any prejudice as a result of the potential errors, omissions, or deficiencies in the claim of lien to prevent its enforcement.
The circuit court granted Mr. Maggirias’ motion as to count I without prejudice and with leave to amend because “[tjhere [wa]s no alleged — no proven contract” to which Premier Finishes is a party. Mr. Maggiri-as requested that the lien and lis pendens be discharged, and over the Petitioners’ objections, the court acquiesced, finding “that under the strict reading of [chapter] 713,” Premier Finishes did not “have a basis for the lis pendens or the claim of lien.”
Before the circuit court issued its written order, the Petitioners filed what we have interpreted as a motion for rehearing. The Petitioners asserted in the motion that Premier Finishes is a party to the contract and thus the appropriate party to file the lien, as it simply does business under the name PFI Construction. The Petitioners emphasized that such would be further elucidated by way of the amended pleadings and at rehearing, conceding this fact was not made particularly clear in the initial complaint. However, there is no indication that this motion yras considered by the circuit court. In its written order rendered on February 26, 2013, granting Mr. Maggirias’ motion as to count I, the circuit court clarified that it was discharging the lien and lis pendens “since [Mr. Maggirias’] Motion to Dismiss Count I has been granted.” The circuit court denied the remaining claims, notably, count II for breach of contract.
In accordance with the circuit court’s order, the Petitioners filed an amended complaint alleging that Premier Finishes occasionally does business as PFI Con *241 struction, a fictitious name, making the two “entities” one and the same. The Petitioners stressed that Premier Finishes is the actual party to the contract. The Petitioners reasserted the lien foreclosure claim and also added a new count for imposition of an equitable lien. Mr. Mag-girias again moved to dismiss the lien foreclosure claim, as well as the equitable lien claim, asserting that there is no legal basis to foreclose a claim of lien that has been discharged.
II. Discussion
The circuit court dismissed the lien foreclosure count and in turn discharged the hen and lis pendens based upon the determination that a contract between Premier Finishes and the Owner was not sufficiently “alleged” or “proven.” Thus, as an introductory matter we must consider whether Premier Finishes is the contractor, defined by section 713.01(8) as the one who contracts with the owner for the purpose of improving real property, such that it is the proper lienor and may be entitled to enforce the claim of lien. See § 713.01(18)(a) (defining “lienor” as a contractor); see also § 713.05 (explaining that a contractor, as defined in section 713.01(8), who conforms with certain requirements shall have a lien based upon the contract).
It is true that a construction lien can only arise when a valid contract exists between the parties. See Viking Cmtys. Corp. v. Peeler Constr. Co., 367 So.2d 737, 739 (Fla. 4th DCA 1979) (“[A] contract is essential to any [eontractor]’s lien.”). Thus it seems contradictory for the circuit court to discharge the claim of lien filed by Premier Finishes based upon a contract entered into by PFI Construction, which the circuit court found to be unproven, but, at the same time, permit Premier Finishes to pursue its breach of contract claim based upon the very same contract. Nonetheless, if the contract is enforceable, the lien is legally enforceable provided the additional, statutory requirements for a construction lien are met. See Michnal v. Palm Coast Dev., Inc., 842 So.2d 927, 932 (Fla. 4th DCA 2003).
A contract entered into under a fictitious name is valid and enforceable. See § 865.09(9)(b), Fla. Stat. (2010); Worm World, Inc. v. Ironwood Prods., Inc., 917 So.2d 274, 275 (Fla. 1st DCA 2005). As a fictitious ñame is merely “a fiction involving the name of the real party in interest,” Riverwalk Apartments, L.P. v. RTM Gen. Contractors, Inc., 779 So.2d 537, 539 (Fla. 2d DCA 2000), the real entity that uses the fictitious name when entering into the contract is the actual party to the contract, see Worm World, 917 So.2d at 275. Thus, if Premier Finishes was the real entity using the fictitious name when entering into the contract, it is the actual party to the contract or the contractor pursuant to section 713.01(8) and is entitled to proceed with a claim of lien against the Owner.[2] Cf. Trintec Constr., Inc. v. Countryside Vill. Condo. Ass’n, Inc., 992 So.2d 277, 282 (Fla. 3d DCA 2008) (holding that the circuit court’s order discharging the lien departed from the essential requirements of the law. because the contractor was entitled to proceed with its claim of lien against the condominium association as representative of the unit owners).
As the Petitioners conceded, the relationship between Premier Finishes and *242 PFI Construction was not made clear by way of the initial pleadings.[3] Section 713.08(4)(b) permits the amendment of a claim of lien “during the period allowed for recording such claim of lien, provided that such amendment shall not cause any person to suffer any detriment by having acted in good faith in reliance upon such claim of lien as originally recorded.” However, the time period for amendment has expired,[4] and thus Premier Finishes could not record an amended claim of lien. See generally Trintec, 992 So.2d at 279, 282 (finding that since the contractor was entitled to a claim of lien but could not record an amended claim of lien outside of the prescribed statutory time window, reinstatement of the lien was necessary to prevent the loss of the contractor’s statutory remedy); see also Stunkel v. Gazebo Landscaping Design, Inc., 660 So.2d 623, 625-26 (Fla.1995) (noting that strict compliance with Construction Lien Law’s time requirements is necessary since “[c]on-tracting parties need certainty about when time periods for notification begin”).
Since Premier Finishes is now forever barred from amending the claim of lien, we must address section 713.08(4)(a), which provides that “[t]he omission of any of the foregoing details or errors in such claim of lien[5] shall not, within the discretion of the trial court, prevent the enforcement of such lien as against one who has not been adversely affected by such omission or error.” (Emphasis added.) Mr. Maggirias argues that the Construction Lien Law requires strict compliance. See Home Electric of Dade Cnty., Inc. v. Gonas, 547 So.2d 109, 111 (Fla.1989). However, absent a showing of prejudice, a deficiency, error, or omission will not invalidate the lien. See Johnson & Bailey Architects P.C. v. Se. Brake Corp., 517 So.2d 776, 778 (Fla. 2d DCA 1988) (holding that a claim of lien will not be defeated because it contains an omission absent a showing of prejudice against the owner); Mid-State Contractors, Inc. v. Halo Dev. Corp., 342 So.2d 1078, 1080 (Fla. 2d DCA 1977) (holding that the “technical fulfillment” of the statutory requirements in a claim of lien is not required where lienor substantially complied with requisites and there is no showing of prejudice against owner).
The Petitioners specifically asserted at the hearing on the motion to dismiss that there had been no showing of adverse effect. However, the circuit court failed to make a specific finding of such. See Stunkel, 660 So.2d at 627 (“[T]he trial court must determine whether, by a preponderance of the evidence, the faulty claim of lien adversely affected the [owner].”); see also Midr-State Contractors, 342 So.2d at 1080 (holding that the party against whom the lien is asserted has the burden to prove, by a preponderance of the evidence, that it has been adversely affected by the error or omission). This factual question must “be more fully explored in the trial court by pleading and proof so that the trial court can pass upon the efficacy thereof.” Royal Ambassador Condo. Ass’n, Inc. v. E. Coast Supply *243 Corp., 495 So.2d 932, 935 (Fla. 4th DCA 1986).
The Petitioners did allege in the initial complaint that Premier Finishes entered into the contract with the Owner, despite the fact that PFI Construction is the named contractor in the contract. And though the initial complaint was filed by Premier Finishes, the name is repeatedly abbreviated as “PFI” throughout the complaint. Additionally, the lien foreclosure claim provides a description of the property, which matches the description provided in the contract and in the claim of lien, both attached as exhibits to the complaint. Finally, both the contract and the claim of lien identify the same owner, the Soulos Family Trust. Thus, based solely upon the initial complaint and exhibits attached thereto, it is unlikely that Mr. Maggirias would be unable to deduce the relationship between Premier Finishes and PFI Construction. Cf. Johnson & Bailey Architects, 517 So.2d at 778 (holding that the failure to include a legal description of the property on the lien was unlikely to adversely affect the owner because the lien referenced the contract upon which it was based); George J. Motz Constr. Corp. v. Coral Pines, Inc., 232 So.2d 441, 443 (Fla. 4th DCA 1970) (holding that the owner was not adversely affected as a result of the error in the lienor’s name because the name on the lien and that on both the contract and complaint were sufficiently similar to apprise the owner as to whom had asserted the lien).
III. Conclusion
Though the circuit court dismissed the lien foreclosure count without prejudice, permitting amendment, by simultaneously discharging the lien and lis pendens, it deprived the Petitioners of their statutory basis for the claim. This resulted in material injury to the Petitioners that cannot be remedied on postjudgment appeal and is thus appropriate for certiorari relief. See Phoenix Walls, Inc. v. Liberty Pasadena, LLC, 980 So.2d 1286, 1289 (Fla. 2d DCA 2008); Trintec, 992 So.2d at 282; see also Loidl v. I & E Grp., Inc., 927 So.2d 1016, 1017 (Fla. 2d DCA 2006) (holding that certiorari is the proper means to challenge an order discharging a lis pendens).
Since it appears Premier Finishes is entitled to proceed with the claim of lien, the circuit court departed from the essential requirements of the law by depriving the Petitioners of their statutory remedy without determining whether Mr. Maggirias was adversely affected by the discrepancy between the named lienor on the claim of lien and the named contractor on the contract. Accordingly, the petition for writ of certiorari is granted, the order rendered on February 26, 2013, is quashed to the extent that it discharges the claim of lien and lis pendens founded upon said claim of lien, and the matter is remanded for further proceedings consistent with this opinion.
Petition granted; order quashed in part; remanded.
DAVIS, C.J., and SLEET, J., Concur.

. §§ 713.001-.37, Fla. Stat. (2010).

. Due to the narrow standard of review on a petition for writ of certiorari, our ruling is limited to the issue of the enforceability of a contract entered into under a fictitious name and the validity of a lien based thereon. We otherwise express no opinion as to the enforceability of the contract or Premier Finishes’ legal ability to pursue the lien.

.With the amended complaint before us, we note that the Petitioners have included a specific allegation that Premier Finishes does business under the fictitious name PFI Construction. It is further alleged that Premier Finishes entered into the contract with the Owner under said fictitious name, making Premier Finishes the actual party to the contract.

. A claim of lien may not be recorded “later than 90 days after the final furnishing of the labor or services or materials.” § 713.08(5). It is undisputed that the work was completed in February 2012.

. See generally § 713.08(1)-(3).