DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FETTIG'S CONSTRUCTION, INC.,**
Petitioner,

v.

**PARADISE PROPERTIES & INTERIORS LLC,**
Respondent.

No. 4D20-133

[November 4, 2020]

Petition for writ of certiorari to the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Janet C. Croom, Judge; L.T. Case No. 31-2019 CA-000319.

J. Garry Rooney and D. John Rhodeback of Rooney & Rooney, P.A., Vero Beach, for petitioner.

Joseph Altschul of Joseph E. Altschul, LLC, Pembroke Pines, for respondent.

ON MOTION FOR REHEARING AND/OR REHEARING EN BANC

WARNER, J.

We deny the motion for rehearing, but withdraw our prior opinion and substitute the following in its place.

Petitioner, Fettig's Construction, challenges a partial final judgment which dismissed its claim to foreclose a mechanic's lien with prejudice and discharged petitioner's lis pendens and lien recorded against the subject property. The trial court concluded that petitioner failed to properly serve the claim of lien or contractor's affidavit in accordance with the provisions of section 713.18, Florida Statutes (2019) and therefore was not within the applicable statute of limitations. Because we conclude that the statute allows service on the last known address of the person to be served, we grant the petition for writ of certiorari.

We have jurisdiction, because the discharge of the lien would allow the respondents to sell or transfer their property and deprive petitioners of

their statutory basis for their claim, which cannot be remedied on post judgment appeal. *See Dracon Const., Inc. v. Facility Const. Mgmt., Inc.*, 828 So. 2d 1069, 1070 (Fla. 4th DCA 2002) (concluding that certiorari is appropriate to review an order granting a motion to vacate a lien); *see also Premier Finishes, Inc. v. Maggirias*, 130 So. 3d 238, 239 (Fla. 2d DCA 2013) (finding departure where trial court discharged the claim of lien without determining if any adverse effect resulted from the discrepancy between the named lienor on the claim of lien and the named contractor on the contract).

The Litigation

Respondent Paradise Properties (Owner) hired Fettig's (Contractor) in January 2018 as a general contractor to renovate its premises. Contractor recorded its notice of commencement on January 19, 2018. That notice listed the property's address as 628 Banyan Rd, Vero Beach, FL.

Contractor sued Owner in April 2019 alleging three counts. Count 1 alleged a claim to foreclose a construction lien which the trial court dismissed. Contractor alleged that it served the claim of lien and recorded it on May 1, 2018, thus the suit was timely. *See* § 713.22, Fla. Stat. (2019). Counts 2 and 3 alleged breach of contract and unjust enrichment, respectively, and those counts remain pending.

Owner answered and asserted affirmative defenses and a counterclaim. Thereafter, Owner moved for summary judgment on the lien foreclosure count claiming that the lien and Contractor's affidavit were not properly served in accordance with section 713.08, Florida Statutes (2019). Specifically, neither the claim of lien nor the Contractor's affidavit were delivered to Owner, nor posted on the property as the statute required.

The trial court agreed, discharged the lien, and granted summary judgment. We quash that order and remand the case for further review as outlined below.

Analysis

The documents and affidavits revealed the following regarding sending the claim of lien:

- Contractor's Jan. 19, 2018, notice of commencement lists owners as Jackie and Keith Schaeffer Paradise Properties & Interiors with a Vero Beach address (628 Banyan Road)

- Contractor's claim of lien filed and recorded May 1, 2018

2

• Contractor's claim of lien sent May 3, 2018, by certified mail and regular mail to a different Vero Beach address (855 Reef Rd), and to an Orlando address (635 Terrace Blvd). Both certified mailings were returned to Contractor as "unclaimed," "vacant," and "undeliverable." The regular mail was not returned.

The Orlando address was the address which Owner provided to the State of Florida as its mailing address, registered agent's address, and the mailing address for its two members, Jackie and Keith Schaeffer. The other Vero Beach address on Reef Road is the address which Owner identified as its mailing address with the Indian River County Property Appraiser.

Section 713.08 governs the filing of claims of lien for construction. Subsections (1)-(3) detail the content of the claim, while subsection (4)(c) provides that the claim of lien shall be served on the owner. That subsection provides:

> (c) The claim of lien shall be served on the owner. Failure to serve any claim of lien in the manner provided in s. 713.18 before recording or within 15 days after recording shall render the claim of lien voidable to the extent that the failure or delay is shown to have been prejudicial to any person entitled to rely on the service.

Section 713.18 provides for the method of service of a claim of lien:

> (1) Service of notices, claims of lien, affidavits, assignments, and other instruments permitted or required under this part, or copies thereof when so permitted or required, unless otherwise specifically provided in this part, must be made by one of the following methods:
>
> (a) By actual delivery to the person to be served; if a partnership, to one of the partners; if a corporation, to an officer, director, managing agent, or business agent; or, if a limited liability company, to a member or manager.
>
> (b) By common carrier delivery service or by registered, Global Express Guaranteed, or certified mail, with postage or shipping paid by the sender and with evidence of delivery, which may be in an electronic format.

(c) By posting on the site of the improvement if service as provided by paragraph (a) or paragraph (b) cannot be accomplished.

. . . .

(3)(a) Service of an instrument pursuant to this section is effective on the date of mailing the instrument if it:

1. Is sent to the last address shown in the notice of commencement or any amendment thereto **or, in** the absence of a notice of commencement, to the last address shown in the building permit **application, or to the last known address** of the person to be served; and

2. Is returned as being "refused," "moved, not forwardable," or "unclaimed," or is otherwise not delivered or deliverable through no fault of the person serving the item.

(Emphasis added). While subsection (1) does not direct that service be made to any particular address, subsection (3)(a) provides that it must be sent to certain addresses to be effective on the mailing date when it is not received by the property owner.

Contractor did not send the claim of lien to the address listed on the notice of commencement under section 713.18(3)(a)1. Nor did it send the claim to the last address shown in the building permit application. Instead, Contractor sent the claim of lien to what it stated was the last known address of the person to be served, namely, the Orlando address of the corporation contained in the records of the Department of State; and to the corporation at the Reef Road address in Vero Beach, the mailing address for the corporation in the property appraiser's records. This was based upon counsel's experience with attempting and finally securing service on the Owner for a subcontractor's claim of lien.

Both certified mailings were returned as unclaimed or undeliverable. Thus, Contractor contends that in accordance with section 713.18(3)(a)2. the claim of lien was served within fifteen days of its recording, making it timely.

Whether the claim of lien was timely served depends upon the construction of subsection (3)(a)1. Contractor argues that the statute provides for alternative methods of service through the use of the

4

conjunction "or," and it used the alternative of serving at the last known address of the Owner.

Owner, on the other hand, argues that a lienor may avail itself of the benefit of the effective date for mailing when the claim is mailed to the address in the notice of commencement first, and only in the absence of that notice can the alternative be used of the address on the building permit or the last known address of the person to be served. Owner argues that either the statute is unambiguous or that, applying the doctrine of last antecedent, the absence of a notice of commencement is a prerequisite to either alternative method of service.

Our construction of the statute leads us to conclude that the statute authorizes alternative addresses for service, and the absence of a notice of commencement is not required for service on the last known address of the party to be served. The statute provides for addresses to which the claim of lien can be sent as "the last address shown in the notice of commencement or any amendment thereto **or,**". (emphasis added). It is significant that there is no comma prior to the "or" in this list. The comma comes after the "or" and sets off the phrase "in the absence of a notice of commencement" which ends with another comma. Given both the punctuation and the location of that phrase, it applies only to the immediately prior antecedent—the notice of commencement. The relevant doctrine provides:

> Under the "doctrine of the last antecedent," "relative and qualifying words, phrases and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to, or including, others more remote." *Kasischke v. State*, 991 So. 2d 803, 811 (Fla. 2008) (quoting *City of St. Petersburg v. Nasworthy*, 751 So. 2d 772, 774 (Fla. 1st DCA 2000)). In addition, a qualifying phrase is read as limited to the last item in a series when the phrase follows that item without a comma. *State ex rel. Owens v. Pearson*, 156 So. 2d 4, 6 (Fla. 1963). *Accord Kasischke,* 991 So. 2d at 812–13.

*Jacques v. Dep't of Bus. & Prof'l Regulation, Div. of Pari-Mutuel Wagering,* 15 So. 3d 793, 796 (Fla. 1st DCA 2009). Thus, the relative and qualifying phrase "or**,** in the absence of a notice of commencement, to the last address shown in the building permit application**,**" (emphasis added) applies to the notice of commencement, because the qualifying phrase follows the notice of commencement or amendments thereto with an "or" without a comma.

The phrase "the last known address of the person to be served" is not the last antecedent to "notice of commencement" as it is separated from the prior phrases by a comma and then the word "or" which is significant because:

> the word "or" is generally construed in the disjunctive when used in a statute or rule. *Telophase Society of Florida, Inc. v. State Board of Funeral Directors & Embalmers*, 334 So. 2d 563 (Fla. 1976). The use of this particular disjunctive word in a statute or rule normally indicates that alternatives were intended.

*Sparkman v. McClure*, 498 So. 2d 892, 895 (Fla. 1986); *accord Kirksey v. State*, 433 So. 2d 1236 (Fla. 1st DCA 1983). Thus, both the Legislature's use of the comma and "or" signify that using the last known address of the person to be served is an alternative to using the notice of commencement or building permit address. In other words, for purposes of the effective date of service, a claim of lien must be served either 1) on the address in the notice of commencement, or, in the absence of the notice of commencement, the address on the building permit, or 2) the last known address of the person to be served.

Whether the addresses used by Contractor to serve the claim of lien are the "last known address" of Owner remains a question of fact. While Contractor presented the information regarding where a subcontractor served its claim of lien, Owner contends that the addresses used predate the claim of lien and do not constitute its last known address. The issue was not conclusive either way as is required for summary judgment.

Further, as to the delivery of the claim of lien, section 713.08(4)(c) provides that failure to timely serve the claim of lien renders the claim voidable only to the extent that prejudice to the person entitled to service is shown. The trial court did not reach that issue, although Contractor did raise the issue at the summary judgment hearing. The issue is one of fact, which was not conclusively shown, as is required to support a summary judgment.

As to the Contractor's affidavit, it appears that it was served prior to suit in accordance with section 713.06(3)(d)1., Florida Statutes (2019). Contractor's documents reflect that counsel sent the affidavit months before suit was filed via certified and regular mail to the address on the notice of commencement. That would comply with section 713.18(3)(a)1. *if* there was evidence of non-delivery of the certified letter or proof that it

was not delivered "through no fault of the person serving the item." § 713.18(3)(a)2., Fla. Stat. (2019). This too requires an evidentiary hearing to determine the facts, as the summary judgment did not address whether the failure of delivery was not the fault of Contractor or its counsel.

We therefore conclude that the court departed from the essential requirements of law in entering summary judgment based upon a clearly erroneous construction of the statute. We grant the petition and quash the partial final judgment, as Contractor could use the "last known address" of Owner to effectuate service pursuant to the statute. Remaining, however, is the question of whether the address Contractor used qualifies as Owner's last known address and whether, if it was not served at the last known address, Owner suffered prejudice due to the failure to receive the claim of lien. Those are factual issues to be decided in further proceedings.

*Petition Granted with directions to quash partial final judgment.*

MAY and KUNTZ, JJ., concur.

*       *       *

***Final Upon Release; No Motion For Rehearing Will Be Entertained***

7