# Third District Court of Appeal

## State of Florida

Opinion filed April 21, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0115
Lower Tribunal Nos. 20-103 AP & 19-14048 SP

_____

**Arthur J. Morburger,**
Appellant,

vs.

**J. Reporting, Inc., etc.,**
Appellee.

An appeal from the County Court for Miami-Dade County, William Altfield and Lody Jean, Judges.

Arthur J. Morburger, for appellant.

Nicolas G. Sakellis, Attorney at Law, and Nicolas G. Sakellis, for appellee.

Before EMAS, C.J., and HENDON, and MILLER, JJ.

MILLER, J.

Appellant, Arthur J. Morburger, challenges a final judgment rendered in favor of appellee, J. Reporting, Inc., following a non-jury trial. On appeal, Morburger asserts error in the failure by J. Reporting to plead and prove compliance with section 865.09, Florida Statutes, known as the "Fictitious Name Act." We affirm and write only to explain the procedural differences between small claims proceedings and ordinary civil litigation.

**BACKGROUND**

In 2019, J. Reporting filed suit against Morburger seeking approximately $400.00 in damages based upon unpaid invoices.[1] Given the modest amount in controversy, the dispute was governed by the Florida Small Claims Rules.[2]

---

[1] Because J. Reporting further sufficiently pled entitlement to attorney's fees under the invoices and compliance with Florida Small Claims Rule 7.175 was had, we summarily reject any assignment of error in awarding such fees. See Cheek v. McGowan Elec. Supply Co., 511 So. 2d 977, 983 (Fla. 1987) (Ehrlich, J., concurring in part, dissenting in part) ("A claim for attorney's fees predicated on a contract, on the other hand, arises from the contract itself and is an integral part of the damages sought."); see also Stockman v. Downs, 573 So. 2d 835, 837 (Fla. 1991) ("[A] claim for attorney's fees, whether based on statute or contract, must be pled . . . to notify the opposing party of the claims alleged and prevent unfair surprise.") (citation omitted); Yau v. IWDWarriors, Corp., 144 So. 3d 557, 561 (Fla. 1st DCA 2014) ("Because unauthorized awards of attorney's fees appear to generally fall outside the category of what might constitute fundamental error in a civil case, we are obliged to deny relief.").

[2] At the time suit was filed, the rules governed claims not exceeding $5,000.00. As of January 1, 2020, the jurisdictional threshold was increased

After service was perfected, the court convened a pretrial conference and scheduled the matter for trial.  See Fla. Sm. Cl. R. 7.090(c) ("Unless required by order of the court, written pretrial motions and defensive pleadings are not necessary.").  On the eve of trial, Morburger filed a motion to dismiss, contending J. Reporting had failed to comply with the Fictitious Name Act.  See § 865.09, Fla. Stat.  The lower tribunal struck the motion as untimely and proceeded with the trial.  At the conclusion of the proceedings, the court entered judgment in favor of J. Reporting.  The instant appeal ensued.

**ANALYSIS**

"Historically, the purpose of small claims courts is to provide greater access to justice for the public by allowing claims for small amounts of money to be litigated inexpensively and efficiently."  Bartlett v. Portfolio Recovery Assocs., 91 A.3d 1127, 1138 (Md. 2014) (citing Eric H. Steele, The Historical Context of Small Claims Courts, 6 Am. B. Found. Res. J. 293 (1981)).  First adopted in 1973 by the Florida Supreme Court, the Florida Small Claims Rules enable the achievement of this goal by providing for "the simple, speedy, and inexpensive trial of actions at law" in our county courts.  Fla.

---

to $8,000.00.  See Fla. Sm. Cl. R. 7.010(b); In re Amend. to Fla Rule of Jud. Admin. 2.240, 285 So. 3d 931, 932 (Fla. 2019).

3

Sm. Cl. R. 7.010(a).  The rules eschew the formality ordinarily associated with civil litigation, creating an open "People's Court" in which mere technicalities "must not obscure the greater purpose of justice for all." Donoghue v. Wallach, 455 So. 2d 1085, 1086 n.1 (Fla. 2d DCA 1984).  Given the high volume of cases, crowded dockets, and large percentage of self-represented litigants, this flexibility is essential.  See, e.g., Victoria J. Haneman, Bridging the Justice Gap with a (Purposeful) Restructuring of Small Claims Courts, 39 W. New Eng. L. Rev. 457, 460 (2017).

In accord with these principles, actions are commenced by the filing of a statement of claim, rather than a complaint.  See Fla. Sm. Cl. R. 7.050(a). The statement of claim is required to be concise and "inform the defendant of the basis and the amount of the claim."  Fla. Sm. Cl. R. 7.050(a).  If founded upon a written document, "a copy or the material part thereof shall be attached."  Id.  No further pleading specificity is required.

After the statement of claim is filed, the parties appear before the court for a pretrial conference.  See Fla. Sm. Cl. R. 7.050(d).  Although not required, at that time, any defensive pleading may be presented and contested factual issues are narrowed.  See Fla. Sm. Cl. R. 7.090.  Motion practice is not encouraged, but any filed motions may be summarily

4

adjudicated.  See Fla. Sm. Cl. R. 7.140(b).  In the absence of a settlement, the dispute is then set for trial.  See Fla. Sm. Cl. R. 7.140.

The trial itself is conducted informally, with the rules of evidence liberally construed.  See Fla. Sm. Cl. R. 7.140(f).  However, should the parties desire greater formality, they may avail themselves of the Florida Rules of Civil Procedure either by stipulation or order of the court.  See Fla. Sm. Cl. R. 7.020(c).  Here, neither party sought to do so, thus, the dispute remained subject to the Florida Small Claims Rules.

In its statement of claim, J. Reporting alleged the nonpayment of certain overdue invoices for court reporting goods and services.  The relevant invoices were appended to the pleading.  It is axiomatic these allegations and the accompanying documents satisfied the minimal pleading standards set forth in the rules.

Nonetheless, Morburger contends the failure to plead compliance with the Fictitious Name Act was fatal to the integrity of the claim.  We respectfully disagree, as to import further pleading requirements into the rules would frustrate the salutary purpose of the small claims process.  Further, any contention on the eve of or during trial that J. Reporting failed to comply with

the Fictitious Name Act came too late. [3] <u>See</u> Fla. Sm. Cl. R. 7.090(b)(2) ("At the pretrial conference, all of the following matters shall be considered: . . . The necessity or desirability of amendments to the pleadings."); Fla. Sm. Cl. R. 7.140(c) ("The pretrial conference should narrow contested factual issues."); <u>see also</u> <u>Williams v. Hardy</u>, 468 So. 2d 429, 430 (Fla. 5th DCA 1985) ("[A]ppellant's assertion on the day before trial that appellee had failed to comply with the fictitious name statute, section 865.09, Florida Statutes, came too late and was properly denied.") (citations omitted); <u>Jackson v. Jones</u>, 423 So. 2d 972, 973 (Fla. 4th DCA 1982) ("If the purpose of the statute is to advise one litigant of the identity and whereabouts of another litigant it seems to us that failure to pursue the statutory remedy until the day of trial effectively waives any benefit that compliance would afford."); <u>Cor-Gal Builders Inc. v. Southard</u>, 136 So. 2d 244, 246 (Fla. 3d DCA 1962) ("Failure to comply with [section 865.09, Florida Statutes,] is not a prohibition

---

[3] Regardless, it appears this argument would have failed on the merits, as a lack of compliance with the Fictitious Name Act does not impair the enforceability of the contract. <u>See</u> <u>Premier Finishes, Inc. v. Maggirias</u>, 130 So. 3d 238, 241 (Fla. 2d DCA 2013) ("A contract entered into under a fictitious name is valid and enforceable.") (citations omitted); <u>Worm World, Inc. v. Ironwood Prods.</u>, 917 So. 2d 274, 275 (Fla. 1st DCA 2005) ("[T]he failure to comply with the registration requirements does not impair the validity of any contract entered into by the party conducting business under an unregistered fictitious name.") (citing § 865.09(9)(b), Fla. Stat.; <u>Phillips v. Hoke Constr., Inc.</u>, 834 S.W.2d 785, 788 (Mo. Ct. App.1992)).

preventing activation of the jurisdiction of the trial court, but is an inhibition to maintain an action which would arise when the infirmity is *timely* called to the attention of the trial judge.") (emphasis added).

Accordingly, we conclude the rulings below fully comported with the expeditious and informal process circumscribed by the Florida Small Claims Rules and affirm.

Affirmed.